INTERNATIONAL DRY GOODS CO. v. LYMAN DRUG CO. (No. 6152.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 5, 1919.)

1. LANDLORD AND TENANT ⬳79(2), 79(3)— ASSIGNMENT OF LEASE—EFFECT.

Assignment of lease to third person with landlord's written consent made him landlord's tenant and released original lessees from their contractual relations with landlord.

2. LANDLORD AND TENANT ⬳79(1) — ASSIGNMENT OF LEASE—SUBLEASE.

Where assignee of lease did not reassign to one of original lessees, but merely permitted it to use building with consent or acquiescence of landlord, such original lessee was only a sublessee or subtenant.

3. LANDLORD AND TENANT ⬳80(3) — BREACH OF LEASE COVENANT—RECOVERY BY SUBTENANT.

A sublessee or subtenant, not an assignee of a lease, could not recover damages for breach of one of the lease covenants.

Appeal from Maverick County Court; E. H. Schmidt, Judge.

Suit by the Lyman Drug Company against the International Dry Goods Company. From judgment for plaintiff, defendant appeals. Reversed, and judgment rendered for defendant.

Sanford & Wright, of Eagle Pass, for appellant.

MOURSUND, J. This is a suit by Lyman Drug Company, a corporation, to recover damages caused to a stock of goods owned by it, and kept in the basement of a building owned by appellant; such damage being caused by overflow water which entered the basement through windows on the sidewalk. Plaintiff alleged that the building had been leased to it and W. L. Lyman, and that the latter had, on or about January 9, 1915, with the consent of appellant, assigned his interest in the lease to plaintiff. The lease contract was made November 24, 1914. The lease was to begin March 15, 1915, and end on March 14, 1919. The contract contained a clause binding the lessor to repair the windows on the sidewalk fronting Main street so that overflow water cannot enter the basement; such repair to be made on or before April 15, 1915. Plaintiff alleged that defendant failed to comply with such clause, and that on July 8, 1916, rainwater came through such openings into the basement and damaged the goods of plaintiff to the extent of $322.08.

The defendant answered by a general demurrer and a general denial.

The case was submitted on special issues, in answer to which the jury found that appellant offered to make the repairs set forth in a certain letter of February 3, 1915, by Vaughan to White, which had been introduced in evidence; that such offer was not acceptable to White as an offer to comply with the clause of the lease contract; that such offer was not one to substantially comply with the lease contract; that, from what had taken place between the parties relative to repairing or closing the openings, plaintiff had good reason to believe and was justified in believing at the time the goods were flooded that the defendant intended to and would make such repairs as would be acceptable to plaintiff as a compliance with the lease contract; that defendant was not kept from making the repairs agreed on by any act of plaintiff.

Upon this verdict judgment was entered for plaintiff for the amount sued for, there being no dispute concerning the extent of the damage to the goods.

Appellant contends that at the time the damage to the goods occurred plaintiff was at most a subtenant, and not an assignee of the lease, and that a subtenant cannot recover damages for breach of a covenant in a lease.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The evidence discloses that on January 9, 1915, plaintiff and W. L. Lyman assigned the lease to J. B. White with the written consent of appellant. White became the owner of most of the stock in the Lyman Drug Company, and permitted said company to use the building with the consent or acquiescence of appellant; the rent being paid by the company to appellant.

[1-3] The assignment of the lease to White made him appellant's tenant, and released the original lessees from their contractual relations with appellant. White did not assign the lease to the company and it became only a sublessee, so there was no contractual relation between it and appellant, and therefore it could not recover damages from appellant for breach of a covenant in the lease contract. Ruling Case Law, vol. 16, Landlord and Tenant, § 381; Doyle v. Scott, 134 S. W. 828; Davis v. Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A. (N. S.) 1084.

The judgment is reversed, and judgment rendered in favor of appellant.