Alice TEXTOR, etc., Plaintiffs,

v.

## BOARD OF REGENTS OF NORTHERN ILLINOIS UNIVERSITY et al., Defendants.

### No. 80 C 379.

United States District Court,
N. D. Illinois, E. D.

Oct. 2, 1980.

Edward F. Diedrich, DeKalb, Ill., Robert Fitzgerald, B. John Mix, Jr., Chicago, Ill., for plaintiffs.

J. David Kerr, Mount Pleasant, Mich., for Central Michigan University.

Charles Duerr Jr., Jackson, Lamb & Duerr, Ypsilanti, Mich., for Eastern Michigan University.

Jon H. Moll, Muncie, Ind., for Ball State University.

Kenneth M. Smythe, Kalamazoo, Mich., for Western Michigan University.

Charles Pesek, Hayes, Pesek & Webb, Oak Brook, Ill., for University of Toledo, University of Miami of Ohio, Ohio University, Kent State University and Bowling Green State University.

Wayne Weiler, Reid, Ochsenschlager, Murphy & Hupp, Aurora, Ill., John J. Templin, DeKalb, Ill., for Board of Regents of Northern Illinois University.

Bruce Weitzman, McDermott, Will & Emery, Chicago, Ill., for Mid America Conference and Fred Jacoby.

R. Theodore Clark, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Eastern and Western Michigan Universities and Ball State University.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff Alice Textor ("Textor") is employed by Defendant Board Of Regents Of Northern Illinois University ("NIU") as instructor of physical education, tennis coach,

basketball coach and women's athletic director. This action is filed as a class action against NIU, all the other members of the Mid–America Conference [1] (collectively "MAC Members"), the Mid–America Conference itself ("MAC") and its Commissioner Fred Jacoby ("Jacoby"). Because its allegations and the theories asserted by plaintiff for class relief are loosely constructed and multifarious, they will be dealt with in this opinion only as required to treat with the motions under consideration.

All defendants have filed, and the parties have briefed, motions that if granted would be dispositive of this litigation. For the reasons stated in this memorandum opinion and order:

1. This action is dismissed as to all MAC Members because this Court lacks jurisdiction over the person of any of them. Textor's attorney is ordered to reimburse the MAC Members for their reasonable expenses and attorney's fees incurred in connection with this action.

2. This action is dismissed as to MAC and Jacoby for improper venue. Textor's attorney is ordered to reimburse MAC and Jacoby for their reasonable expenses and attorney's fees incurred in connection with this action.

3. This action, which remains pending only against NIU, is transferred to the Executive Committee for re–assignment to Judge Flaum as a case related to *Deborah Brue, et al. v. Board Of Regents Of Northern Illinois University, et al.*, 80 C 378 (the "*Brue* case").

1. Western Michigan University, Eastern Michigan University, Central Michigan University, University Of Toledo, Miami University (sued as "University Of Miami Of Ohio"), Ohio University, Kent State University, Ball State University and Bowling Green State University.

2. MAC Members' Illinois "contacts" consist only of the facts that some Illinois students are enrolled in the various universities, some recruiting for students or faculty may occur in Illinois, and depending on the schedule an athletic contest is occasionally played at NIU. Even in the latter situation, the gate receipts are retained by NIU subject to one exception:

## MAC Members

There is no mystery about the rudimentary principles underlying the exercise of jurisdiction over non–resident defendants. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), recently reaffirmed the necessity that the defendants have at least minimal contacts with the forum and that the claim involved in the plaintiff's complaint have an appropriate nexus with those contacts. It is necessary that the complaint set out the relationship between the claim and the forum contacts in the first instance. *Keckler v. Brookwood Country Club*, 248 F.Supp. 645, 650 (N.D.Ill.1965).

Each of those critical elements is totally lacking in this case. None of the MAC Members has any but the most tangential contacts with the State of Illinois,[2] and even the longest reach of the long–arm statute, Ill.Rev.Stat. ch. 110, § 17(3), requires that the alleged cause of action derives from the *business* that took place within the state. *Lindley v. St. Louis–San Francisco Ry. Co.*, 407 F.2d 639, 641–43 (7th Cir. 1968). That is not remotely true here. It was not alleged in the initial Complaint, and Textor stated no such relationship in her deposition taken in this case.

This makes it unnecessary to discuss the several other grounds for dismissal [3] asserted and necessarily briefed by the MAC Members, which themselves appear clearly sound and would independently support the relief the MAC Members seek. But the circumstances of this case do require consideration of their motions for expenses, in-

In football a host institution pays the visiting team a $5,000 guarantee for expenses if and only if the host institution does not play the visiting team's school the following year.

3. One of these was the argument that Textor lacked standing under the "case or controversy" jurisdiction limitations imposed by Article III of the Constitution. That issue would normally be addressed first, but is not here because it presents a close question (unlike the lack of personal jurisdiction and the other "clearly sound" arguments referred to in the text).

cluding attorney's fees, against Textor's attorney.

■ As already indicated, there is no colorable ground for the assertion of jurisdiction over the MAC Members. They dealt with the allegations of the initial Complaint in a responsible and professional way, by filing motions to dismiss and supporting memoranda. Because of the number of parties involved, those memoranda aggregated more than 120 pages. Textor's attorney filed a responsive memorandum of 7 pages that treated *only* with the standing (case or controversy) and class action issues, and those only in brief compass. None of the other arguments, *including* the lack of personal jurisdiction, was even addressed.

Fed.R.Civ.P. 11 provides:

Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name .... The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. ...

Inadvertent violation of that Rule would not justify the potential sanctions it sets forth. But in this case Textor's attorney, who drafted the Complaint and provided for responsive pleadings to be served on him, did not comply with Rule 11—and when the MAC Members raised that issue in their motions to dismiss, the attorney made no effort either to correct the omission or to respond to the issue in the responsive memorandum he filed for Textor. This Court is left with no other conclusion than that it is dealing with a wilful violation of Rule 11.

That conclusion would under the Rule permit the Complaint to be stricken as sham and false. However the Court is reluctant to penalize Textor if she has legitimate grounds for action against NIU (a subject on which the Court does not express itself in this opinion). Instead we will, both because of the Rule 11 violation and in exercise of the inherent powers recently recognized and reaffirmed in *Roadway Express, Inc. v. Piper*, —— U.S. ——, ——, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980), impose other sanctions directly against Textor's counsel. ·

This case is fortunately atypical, but it is also unfortunately symptomatic of some of the ills that afflict the litigation process. Free access to the Courts is essential, but the role of the bar is to make certain that the right to access is exercised responsibly. This comment should not be misunderstood: Because the horizons of the law are always expanding, because growth always takes place on the frontiers, counsel should never be inhibited from developing and asserting new theories and claims or from arguing that old ones are outmoded. DR 7–102(A)(2) of the Code of Professional Responsibility poses the proper resolution of those two competing considerations:

In his representation of a client, a lawyer shall not ... knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by a good faith argument for an extension, modification or reversal of existing law ....

Because the Court concludes that the expansion of Textor's claim to embrace a class action against MAC Members (whether or not sustainable in substantive terms) could not in good faith be asserted against them *in this jurisdiction*, and because Textor's attorney has not even sought to meet the definitive arguments made by the MAC Members in that respect, the Court finds that this case comes within the narrowly defined circumstances described in *Roadway*, under which a court may "assess those expenses [attorney's fees] against counsel who wilfully abuse judicial processes." Textor's attorney is ordered to pay the rea-

sonable expenses, including attorney's fees, incurred by the MAC Members in connection with this action. MAC Members are directed to submit written motions setting forth such amounts to the Court on or before October 20, 1980, and the matter is set for hearing on such motions October 30, 1980 at 9:15 a. m.

### MAC and Jacoby

MAC and Jacoby filed a fifteen–page memorandum (made shorter because they incorporated by reference the venue arguments submitted by Central Michigan University) that addressed each of the Complaint's Counts in turn and demonstrated that no cause of action was stated against them in any of those Counts. In addition, their memorandum raised the same objection to venue asserted by each of the MAC Members, the Complaint's claimed non–compliance with Fed.R.Civ.P. 8 and a request that they also recover their attorney's fees. Again Textor's responsive memorandum (the same one that addressed the motions of all other defendants) did not purport to answer the venue question or any of the thoughtful arguments addressed to the individual Counts (instead it dealt only with the general questions of standing and class action).

Because it is fully dispositive, the Court will again deal with only one issue—venue. It is not necessary to review the other grounds advanced by MAC and Jacoby, though they also appear solidly grounded in law.

Under 28 U.S.C. § 1391(b) venue is proper only where all defendants reside or where the claim arose.[4] Only one of the twelve defendants, NIU, is located in Illinois. Both MAC and Jacoby reside in Ohio.

■ Thus the only remaining venue test is where the claim arose. When a plaintiff sues multiple defendants as here, venue must be proper with respect to *each* defendant. Wright, Miller & Cooper; *Federal Practice & Procedure* § 3807, at 39; *ABC*

*Great States, Inc. v. Globe Ticket Co.*, 310 F.Supp. 739 (N.D.Ill.1970).

■ Textor's Complaint alleges no action of any kind by MAC or Jacoby that would characterize her claim against them as having "arisen" in Illinois. After the introductory allegation that refers to MAC as an association and Jacoby as its Commissioner, the only remaining allegations dealing with them are these:

1. In Paragraph 5, it is alleged that they are "empowered by its members to direct, guide, rule, establish and conduct pursuant to authority delegated the athletic conferences and endeavors of the members."

2. Paragraph 8 alleges that NIU and the other MAC Members have delegated to MAC and Jacoby the duties aforesaid and the right to implement said duties by establishing interscholastic activities.

3. Paragraph 22 alleges that in August 1979 NIU and the other MAC Members and Jacoby directed the plaintiff class (athletic directors and coaches) to organize a women's conference for interscholastic athletics between females of said members and that the conference be conducted with no funding from the members.

Those allegations do not sustain Textor's burden of establishing that her alleged claim against MAC and Jacoby "arose" in Illinois. And as already stated, Textor offered no argument whatever in opposition to MAC's and Jacoby's arguments to that effect. Accordingly, this action is dismissed as to MAC and Jacoby for improper venue.

■ Under the circumstances the earlier discussion regarding expenses, including attorney's fees, to be awarded to the MAC Members is equally applicable here. Consequently the same order is entered requiring MAC and Jacoby to submit written motions setting forth such amounts to the Court on or before October 20, 1980, and the matter

---

4. Textor has failed to satisfy the jurisdictional prerequisites under Title VII (relied on in Count III). But Title VII's venue provision, 42 U.S.C. § 2000e–5(f)(3), would lead to the same conclusion as stated in the text.

756

is set for hearing on such motions October 30, 1980 at 9:15 a. m.

### NIU

Contemporaneously with the filing of this action, the same attorneys who represent Textor filed the *Brue* case as another class action in this Court, defendants being NIU and other educational institutions. With the other defendants out of this case, the claims against NIU appear to satisfy General Rule 2.31E(iv) of this District Court, so as to provide for reassignment of this action to Judge Flaum, on whose calendar the *Brue* case is pending.

Accordingly, as stated at the outset of this opinion, this action is transferred for such reassignment, except that this Court will rule on the motions for expenses, including attorney's fees.