**BOOKKEEPERS TAX SERVICES, INC. Chester R. Robinson and Frances Earline Robinson**

v.

**The NATIONAL CASH REGISTER COMPANY and Henderson Development Corporation.**

**Civ. A. No. B–84–187–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Dec. 5, 1984.

David B. Black, Black & Ewart, Houston, Tex., for plaintiffs.

Brian S. Greig, Fulbright & Jaworski, Austin, Tex., for defendants.

## MEMORANDUM ORDER GRANTING MOTION TO DISMISS

JOE J. FISHER, District Judge.

Before the Court is Defendant NATIONAL CASH REGISTER's (NCR) Motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6), and to award attorney's fees against the Plaintiff. Also before the Court is Plaintiff's Motion to remand this action to the state court where it was originally filed.

The present lawsuit was originally commenced in state district court in Angelina County, Texas. Shortly thereafter, NCR removed this cause to this Court, pursuant to 28 U.S.C. sec. 1441. NCR then moved to dismiss the case on the grounds that it is identical to an earlier case in this Court entitled *Chester R. Robinson et ux v. NCR Company,* No. B–81–648–CA (the prior suit). The prior suit was tried to a jury and a verdict was rendered for NCR; judgment was entered for NCR. NCR thus alleges that the present suit is barred by the doctrine of *res judicata,* and *inter alia* collateral estoppel.

The Plaintiffs have moved to remand this case to state court on the ground that since Defendant HENDERSON DEVELOPMENT COMPANY (Henderson) is a Texas corporation, and since Plaintiffs are Texas residents, there is no diversity in this action that would give rise to federal jurisdiction. Federal jurisdiction, of course, is a prerequisite for removal to Federal Court. Additionally, they argue that the instant lawsuit involves a separate and distinct cause of action that differentiates the case from the prior suit.

Both parties have submitted extensive briefs on the issues. Moreover, the Court has allowed the parties time to produce and examine the transcript in the prior suit, and to submit arguments based on that transcript. After a review of the pleadings, motions, and evidence in this cause, the

Court is of the opinion that this action was properly removed to this Court and that it must now be dismissed on the grounds of *res judicata.* Furthermore, the Court believes this suit violates the principles of good-faith pleading, and will award attorney's fees to Defendant NCR.

## I. THE PRIOR SUIT

The Plaintiffs in this action are an entity known as Bookkeepers Tax Service, Inc. (BTS) and two individuals: Chester Robinson and his wife, Frances Robinson (The Robinsons). The Robinsons are the same two individuals who were plaintiffs in the prior suit. The cause of action in this earlier suit was in essence a damage claim for personal and economic injuries allegedly sustained as a result of chemical poisoning. It happened like this: The Robinsons operated a bookkeeping business in the front portion of a building in Lufkin, Texas. In the back portion of the building, NCR stored machines and kept chemicals used to clean those machines. Fumes from those chemicals, the Robinsons claimed, circulated through the building, and caused them to suffer both physical and mental harm. Moreover, as their original complaint makes clear, the Robinsons claimed the fumes forced them to close down their business. After a jury trial in March, 1983, a verdict was entered for NCR and against the Robinsons, and a judgment was entered on that verdict. An appeal was taken to the Court of Appeals, but was dismissed when the Robinsons (whose original counsel had withdrawn) failed to order a transcript within the time limit. The Court thought the matter closed.

## II. THE NEW SUIT: WAS IT PROPERLY REMOVED?

■ On February 8, 1984, approximately eleven months after the judgment in the first trial, this suit was filed in state court.

Despite the fact that there was a non-diverse party, NCR removed the case to Federal Court. It is axiomatic that federal jurisdiction—here diversity jurisdiction—must exist before a case can be removed to Federal Court. It is also axiomatic, however, that when a party is added to a lawsuit simply to destroy that diversity, that the non-diverse defendant is only a "sham" party, and its presence will not prevent removal. *See Tedder v. F.M.C. Corp.,* 590 F.2d 115 (5th Cir.1979). This is the situation here.

The Plaintiffs have based their claim against Henderson on the covenants in a 1970 lease between Henderson (as lessor) and NCR (as lessee) in which Henderson rented the building to NCR. The Robinsons were not a party to this lease. Later, however, NCR did sublease the building to the Robinsons. The Plaintiffs in this lawsuit now allege that the warranties made by Henderson to NCR in the original lease should apply to them.

■ This is nonsense. Henderson has no relationship with Plaintiffs that would give rise to any duty on its behalf, either directly or indirectly. Under Texas law, there is no privity of contract between an original lessor and a sublessee. *Zeidman v. Davis,* 342 S.W.2d 555, 558 (Tex.1961). Nor can a sublessee recover from a lessor for breach of covenants in a lease. *See e.g. International Dry Goods Co. v. Lyman Drug Co.,* 209 S.W. 268 (Tex.Civ.App.1919 no writ). Moreover, the terms of the sublease between NCR and the Plaintiffs expressly releases Henderson from any liability.[1] It seems clear that the Plaintiffs could not recover from Henderson under Texas law. In that circumstance, Henderson is not a real party to this suit, and its joinder will not keep NCR from removing this suit. *Tedder, supra* at 116–17. The Plaintiffs' motion to remand this case will

---

1. This sublease reads in pertinent part: "Lessor (Henderson) and Sublessor (NCR) shall not be liable for any damage to property or any injury to persons, sustained by Sublessee (Bookkeepers/Robinsons), its employees or others, caused by conditions or activities on the premises or the ways adjacent thereto. Sublessee shall hold harmless and indemnify Lessor and Sublessee against all claims and costs arising therefrom...."

be denied, and Henderson will be dismissed.

## III. THE MOTION TO DISMISS ON RES JUDICATA GROUNDS

Since the Court has concluded that the case is properly in Federal Court, it can now address NCR's motion to dismiss. NCR states that Plaintiffs cannot have stated a claim upon which relief can be granted because any such claim would be barred by *res judicata*. *Res judicata* bars the relitigation by the same parties of matters which were in issue and necessarily decided in an earlier action. *See Southern Pacific Railroad Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27–28, 42 L.Ed. 355 (1897); *Aerojet-General Corporation v. Askew*, 511 F.2d 710 (5th Cir. 1975). In determining the res judicata effect of a prior Federal Court judgment, Federal law applies. *Aerojet, supra*, at 715.

NCR bases its claim of *res judicata* on two elements. First, it states that the same parties are involved. On its face BTS appears to be a different party than the Plaintiffs in the prior suit. NCR claims, however, that this company is nothing more than the alter ego of the Robinsons. The Court agrees. Chester R. Robinson is the majority stockholder, controlling shareholder and president of BTS. Frances Robinson is secretary-treasurer of the company, serves on its board of directors, and was an original incorporator. Furthermore, in the original complaint in the prior lawsuit, the Robinsons even stated that they were the owner and operators of a bookkeeping business known as "Bookkeeper's Tax Service." Obviously the Robinsons have considered their interests as intertwined and identical with those of BTS. Under the Federal law of *res judicata*, a party may be bound by a prior judgment (even though not a party in a prior suit) *if* one of the prior parties was so closely aligned with his interests as to be his "virtual representative." *Aerojet, supra*, 511 F.2d at 719. This is the situation here. The Robinsons were the "virtual representatives" of BTS in the prior suit.[2] The Robinsons and BTS are, in effect, the same party.

NCR also states another element of *res judicata* is present. It states that the cause of action asserted in the prior suit and in the instant suit are one and the same. The instant suit was filed under the Texas Deceptive Trade Practices Act. The cause of action itself is based on the alleged breach of the sublease agreement by NCR. This breach, in turn, is said to have resulted from NCR's failure to comply with a warranty in the lease that provided that NCR would comply with "all laws ... governing the premises." In the alternative the Plaintiffs claimed NCR breached the lease by failing to deliver the premises in promised form. In sum, the Plaintiffs allege NCR breached its lease by allowing poisoned substances to infect the building. As a result, the Plaintiffs claim, BTS was forced to close, and the Robinsons suffered personal injuries and were rendered disabled to run BTS or any other business. The relief requested is $4 million dollars.

In the prior suit, an examination of the complaint reveals that the cause of action was based on negligence, nuisance, *and* a breach of a warranty of habitability. The breach of warranty claim was based on an allegation that NCR should have provided the Plaintiffs with a building "suitable for its intended use" and that NCR should have used its property so "as not to injure another or infringe his rights to ownership, possession, use and enjoyment." In sum, as above, the breach of warranty claim in the prior suit essentially said it was a breach to allow poisoned substances to infect the building. As a result, the Robinsons claimed personal injuries, loss of their business, and loss of profits from that busi-

---

**2.** In the alternative, it is obvious that under Texas law the Robinsons would be in privity with BTS. *See Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex.1971). As such, BTS would be bound by the determination of an issue in the first suit. *Hardy v. Fleming*, 553 S.W.2d 790 (Tex.Civ.App. El Paso, 1977, writ ref'd n.r.e.)

ness. Curiously enough, the relief requested in the prior suit was the same as in the instant suit: $4 million dollars.

Little more needs to be said. It is obvious that the substance of the claims in both suits are the same, and it is substance, not technicalities, that governs the application of *res judicata*. In *Astron Industrial Associates Inc. v. Chrysler Motor Corp.*, 405 F.2d 958 (5th Cir.1968), the court provided a test for determining whether a suit was barred by the effects of a prior suit:

> Is the same right infringed by the same wrong? Would a different judgment obtained in the second action impair rights under the final judgment? Would the same evidence sustain both judgments?

*Id.* at 641. Under any of these questions, it is clear that the substance of the suits, if not the form, are the same. The Plaintiffs argue that negligence was the only issue actually argued at the trial of the prior suit. The fact remains, however, that because of their nature, the breach of lease and warranty claims were part and parcel of the overall claim actually litigated.

Moreover, even if a particular issue or portion of an issue was not decided in the prior suit, the *res judicata* effect would be the same. *Res judicata* will bar "all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir.1983). Obviously, the breach claims here could have been brought in the earlier suit.

The Robinsons had their day in Court; and they lost. They could have prosecuted an appeal of the prior suit, but they did not. They are not entitled to bring another suit by a mere rewording of claims and a transparent reshuffling of parties.

## IV. ATTORNEY'S FEES

■ This suit was instituted by a pleading filed by Plaintiffs' counsel. It appears to the Court that this counsel was fully aware of the previous Federal Court action. Counsel for NCR made several attempts to inform Plaintiffs' counsel of the substance of the prior suit. The Plaintiffs' counsel was given an opportunity to withdraw the suit. He did not. NCR has thus moved the Court to award attorneys' fees as sanctions pursuant to Fed.Rule Civ.P. 11. Rule 11 requires that an attorney's signature on a pleading is that attorney's guarantee that he has made a reasonable inquiry into a suit and believes that it is well-grounded in fact and is warranted by existing law or a good faith argument for an extension of that law. This suit, the Court believes, does not measure up to those standards. While inadvertent violations of Rule 11 are not grounds for sanctions, *see Textor v. Bd. of Regents of North Ill. University*, 87 F.R.D. 751 (N.D.Ill.1980), it is obvious that Plaintiffs' counsel knew and was warned about the prior suit.

Therefore, pursuant to Fed.Rule Civ.P. 11, this Court imposes sanctions upon Plaintiffs' counsel in the form of attorneys' fees to be awarded Defendant NCR for its reasonable expenses incurred in this action. On the basis of Defendant's counsel's affidavit, the Court finds the sum of $4,246.25 to be a reasonable award for work through May 15, 1984. Any further claim for attorney's fees in this action shall be filed with the Court within twenty (20) days of this order. Plaintiffs Chester R. Robinson and Frances Earline Robinson, and Plaintiffs' counsel, Roy K. Ewart and David Black are here adjudged jointly and severally liable to Defendant NCR for these attorneys' fees. All costs of this action will be assessed against the Plaintiffs.

## V. CONCLUSION

In summary, it is ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Remand this cause is DENIED. It is further ORDERED that Defendants Henderson Development Corporation and National Cash Register Company, Inc. are hereby DISMISSED pursuant to Fed.Rule Civ.P. 12(b)(6).

It is further ORDERED, ADJUDGED AND DECREED that pursuant to the sanc-

tions imposed by this Court pursuant to Fed.Rule Civ.P. 11, judgment is entered for defendant NATIONAL CASH REGISTER COMPANY, INC. and against Plaintiffs, CHESTER AND FRANCES ROBINSON and Plaintiffs' counsel, ROY K. EWART AND DAVID BLACK in the amount of Four Thousand Two Hundred Forty-six and 25/100 ($4,246.25) Dollars.

It is ORDERED that Defendant NATIONAL CASH REGISTER COMPANY, INC. file any further claim for attorney's fees in this cause within twenty (20) days of the entry of this order.