**William C. JOHNSON, Plaintiff,**

v.

**VETERANS ADMINISTRATION and Board of Federal Appeals, Defendants.**

**No. EC83–369–NB–D.**

United States District Court, N.D. Mississippi, E.D.

July 3, 1985.

Tommy D. Cadle, Booneville, Miss., for plaintiff.

Patricia D. Rogers, Oxford, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The present cause comes before the court on defendant Veterans Administration's motion to dismiss for lack of subject matter jurisdiction and other bases. Having considered the memorandum filed by the defendant in support thereof, and being fully advised of the premises, the court is now in a position to rule on the motion.

On August 19, 1983, plaintiff William C. Johnson filed a complaint with this court against the Veterans Administration and the Board of Federal Appeals, alleging that he had made a claim for disability benefits to the Veterans Administration which was ultimately denied by the Board of Veterans Appeals on March 17, 1981. Plaintiff contends that the denial of his claim was without merit and thus asks this court to review the Board's factual and legal determinations underlying its decision that his alleged disability was not compensable.

■ It is beyond peradventure that the courts are without jurisdiction to review decisions of the Veterans Administration denying veterans benefits or compensation. *See Barry v. U.S.*, 527 F.Supp. 472, 475

(D.C.S.C.1981); *Cox v. U.S. Veterans Administration,* 470 F.Supp. 1208, 1209 (D.C. Tex.1979). The courts are so deprived of jurisdiction under the express language contained in 38 U.S.C. § 211(a) which provides in pertinent part:

> The decisions of the Administrator on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans ... shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

Thus, given the foregoing, this court is precluded from entertaining the present action and, therefore, the court finds that defendant's motion to dismiss is well taken and will be granted.

■ The court further finds that sanctions under Fed.R.Civ.P. 11 are in order. Rule 11 provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading ...; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose....

Rule 11 imposes an affirmative duty on counsel to make reasonable inquiry into the viability of a pleading before it is signed. Indeed, counsel's signature is an affirmation that reasonable inquiry was in fact made. *Eastway Construction Corp. v. City of New York,* 762 F.2d 243 (2d Cir. 1985). Whether an attorney has complied with the requirements of Rule 11 is determined not by the apparent absence or presence of subjective good faith on the part of the attorney, but rather by the objective reasonableness of his action. Sanctions will therefore be imposed where the court finds that, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is warranted by existing law or a good faith argument

for the extension, modification or reversal of existing law. *Id.*

■ In the present case, the court finds that a competent attorney, after reasonable inquiry, would have determined that judicial review of the Veterans Administration's decision denying veteran benefits was precluded by the relevant statutory and case law. In further support of this court's finding that reasonable inquiry was not made, the court notes that the complaint contains a rather blatant error in that it names the Board of Federal Appeals as a defendant, an entity that apparently does not exist. Also, plaintiff has simply failed to respond to defendant's motion to dismiss or to make any offer to withdraw the complaint. Accordingly, the court finds that sanctions under Rule 11 in the amount of $300.00 should be imposed on plaintiff's counsel.

Let an order issue accordingly.

### ORDER

Pursuant to a memorandum opinion issued this day, the court hereby finds that the defendant's motion to dismiss is well taken and holds that the above styled and numbered cause is hereby dismissed with prejudice. Further, the court holds that sanctions shall be imposed upon the plaintiff's attorney in the amount of $300.00.