SOUTHERN LEASING PARTNERS, LTD, a California Limited Partnership and Michael Savage, an Individual, Plaintiffs,

v.

Robert BLUDWORTH, Bludworth Enterprises, Bludco Towing and Barge, Hannah Brothers, an Illinois General Partnership, et al., Defendants.

Civ. A. No. S84–1023(B).

United States District Court,
S.D. Mississippi, S.D.

March 17, 1986.

William Lee Guice, III, Nicholas Van Wiser, Biloxi, Miss., for plaintiffs.

Fred Mannino, Kenneth L. Swarthout, Biloxi, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motions of Defendants, First Mississippi National Bank, Paul W. McMullan, Thomas A. Murphy, Luther R. Boyd, William Pittman, Continental Leasing Company (hereinafter collectively referred to as "FMNB") and James Phillips ("Phillips"), for Sanctions against Plaintiffs, Southern Leasing Partners, Ltd. and Michael Savage ("SLP"), pursuant to Federal Rules of Civil Procedure Rule 11 and 28 U.S.C. § 1927. In its Memorandum Opinion and Order in this action of January 10, 1986, which dismissed FMNB on res judicata grounds and Phillips for failure to state a claim against him, the Court ordered SLP and its attorneys to appear before it to show cause why sanctions should not be imposed against either or both of them for the filing of the Complaint. The Court also ordered SLP and its attorneys to show cause why Defendants, Hannah Brothers, Robert Bludworth and Bludworth Enterprises,[1] should not be dismissed, pursuant to Rule 4(j), for failure to serve process on them within 120 days of the filing of the Complaint.

The Court, having considered the briefs, affidavits and oral arguments of the parties on the issue of sanctions, finds that SLP and its attorneys violated Rule 11 and that sanctions should be imposed against SLP and its attorneys, jointly and severally, as follows:

(1) SLP and its attorneys are ordered to pay $5,000.00 to FMNB [2] on or before April 1, 1986;

---

1. The style of the Complaint lists Robert Bludworth, Bludworth Enterprises, Bludco Towing and Barge, Hannah Brothers, Phillips and FMNB, as Defendants. The body of the Complaint names only FMNB, Robert Bludworth, Hannah Brothers, Bludworth Enterprises and Phillips as Defendants. SLP concedes that dismissal of Defendants other than FNMB and

Phillips is appropriate pursuant to Rule 4(j). A separate final judgment dismissing the unserved Defendants will be entered simultaneously with this Memorandum Opinion and Order.

2. FMNB submitted affidavits in support of their Motion for Sanctions, requesting reimbursement of $45,023.58 in attorneys' fees and ex-

(2) SLP and its attorneys are ordered to pay $600.00 to Phillips on or before April 1, 1986, and

(3) SLP and its attorneys are ordered to pay $1755.00 to Kenneth L. Swarthout[3] on or before April 1, 1986.

SLP and its attorneys argue that Rule 11 has not been violated and that sanctions should not be imposed. Specifically, they contend that res judicata does not bar the claims against FMNB since the doctrine is not mechanically applied where its application would override public policy or result in manifest injustice, *citing Garner v. Giarrusso*, 571 F.2d 1330 (5th Cir.1978); *Moch v. East Baton Rouge Parish School Board*, 548 F.2d 594 (5th Cir.1977); *Dore v. Kleppe*, 522 F.2d 1369 (5th Cir.1975). The overriding public policy interest which SLP claims would be affected by the application of res judicata is SLP's "right to a hearing as well as public policy that banks and their agents are in a position of special trust and confidence and should not be allowed through trickery, deceit, fraud and distortion to take advantage of those persons who have justifiably reposed their confidence." Plaintiffs' Brief in Opposition to Motion to Dismiss at 6–7. In essence, SLP submits that res judicata does not bar its claims against FMNB for an alleged breach of fiduciary duty which presumably occurred in connection with the sale of the vessel by FMNB after its purchase at foreclosure.

The long and tortured history of this case through multiple suits, hearings and trials is recounted in this Court's Memorandum Opinion and Order of January 10, 1986. In short, the Court ruled that all of the claims alleged against FMNB were or could have been raised in prior litigation and were therefore finally barred by the doctrine of res judicata. The Court also dismissed Phillips due to the total absence of any claim stated against him.

The Court's present task is a difficult and distasteful one. We deal here with experienced and able counsel who are members of a well-respected and long established Gulf Coast law firm and who steadfastly argue that their actions were reasonable under the circumstances. Yet the Court is of the opinion that the actions of SLP and its attorneys were not reasonable under the circumstances and that they pursued claims which were not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

The signature of SLP's attorney on the Complaint:

... constitute[d] a certificate by him that he ... read the pleading ...; that to the best of his knowledge, information and belief formed after reasonable inquiry it

---

penses incurred in the defense of this suit, exclusive of costs associated with the hearing on sanctions. The Court substantially reduces this amount because: (1) FMNB's lead counsel is intimately familiar with the instant litigation, having been involved in the litigation since its inception in 1977 and should have been able to reduce expenses incurred; (2) lead counsel's hourly rate of $170.00 per hour is far in excess of the hourly rate charged by Jackson law firms; (3) the suit was disposed of on Motion to Dismiss; and (4) the Court is shocked by a fee of this size being charged by this stage of the case.

**3.** The affidavit of Swarthout, counsel for Phillips, submitted in support of Phillips' Motion for Sanctions, indicates that 31.25 hours were expended by him in defending Phillips. This amount does not include the time expended by Swarthout to travel from Biloxi to Jackson to attend the hearing on sanctions. Accordingly, 8 hours at $60.00 per hour is added to Swarthout's time. Swarthout's affidavit indicates that Phillips paid $600.00, which amount has been deducted from the amount awarded Swarthout and is the basis of the award to Phillips.

Neither SLP nor its attorneys have ever voiced any basis for a claim against Phillips. No factual allegations against Phillips appeared in the Complaint. SLP did not respond to Phillips' Motion to Dismiss or his Motion for Sanctions. Indeed, at oral argument, Swarthout indicated that he had voluntarily offered to allow SLP's attorneys to talk to Phillips after suit was filed. SLP never accepted this invitation and continued to pursue Phillips. Indeed, SLP has even appealed this Court's dismissal of Phillips. In light of the total absence of allegations against Phillips in the Complaint, the naming of him as a Defendant and the failure to investigate any claim against him constitutes a blatant and egregious violation of Rule 11 which will not be tolerated.

[was] well-grounded in fact and [was] warranted by existing law ... and that it [was] not interposed for any improper purpose.

As such, under Rule 11, SLP's attorney vouched that, based upon his pre-filing inquiries, the Complaint had a factual and legal basis and a legitimate purpose.

Factually, the instant Complaint is a "mirror-image" of the counterclaims previously asserted by SLP against FMNB in the prior foreclosure actions. No "new" facts are brought to light in the instant Complaint. Legally, the Complaint is likewise a close facsimile to SLP's earlier counterclaims with the exception of the scantily-pled "continuing fraud," "prima facie" tort and civil RICO claims, all of which either were or could have been litigated before the United States District Court for the Middle District of Florida, Jacksonville Division in the prior foreclosure actions. Yet, SLP attempts to salvage its "continuing fraud" claim from the throes of res judicata by arguing that the "continuing fraud" claim is in reality a claim for breach of fiduciary duty and that the "public policy" exception to res judicata saves this claim. The Court cannot accept this argument.

First, SLP only "pled" a claim for breach of fiduciary duty when confronted with a motion to dismiss on res judicata grounds. There is no reference in the Complaint to FMNB's alleged breach of fiduciary duty. Second, SLP's "public policy" argument against the application of res judicata is not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. *Garner, Moch,* and *Dore,* the cases relied upon by SLP in support of its position that res judicata does not apply, stand for the proposition that res judicata does not bar relitigation of issues: (1) heard before an administrative agency, *Garner,* 571 F.2d at 1336; (2) where there is a post-judgment change in the law, *Moch,* 548 F.2d at 597; and (3) where the plaintiff alleges the infringe-

ment of a "different right by a different wrong," *Dore,* 522 F.2d at 1374. "Reasonable inquiry"[4] into the law of res judicata should have indicated to SLP's attorneys that none of these exceptions were applicable and that all of SLP's claims "... were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Bookkeepers Tax Service v. National Cash Register Service,* 598 F.Supp. 336, 340 (E.D.Tex.1984) (quoting *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir.1983)).

Finally, the Court questions whether this Complaint was "interposed for any improper purpose." The thrust of the Complaint seeks to relitigate fraud claims against FMNB which have been foreclosed by valid judgments. The Complaint contains no apparent claim for damages against Defendants other than FMNB. Indeed, the only "new" claims—the claims SLP contends survive res judicata—are so vague that they probably fail to satisfy Rule 8 notice pleading requirements. Further, assuming SLP and its attorneys acted reasonably in filing the Complaint, they neglected their continuing obligation to "review, reexamine and reevaluate" their position as the facts came to light after the filing of FMNB's Motion to Dismiss, *Woodfork v. Gavin,* 105 F.R.D. 100, 104 (N.D.Miss.1985), despite the ample time between the filing of FMNB's Motion to Dismiss and its disposition. Accordingly, the Court finds that SLP and its attorneys failed to meet their burden under Rule 11 of proving that, after reasonable inquiry, a competent attorney could have formed a reasonable belief that the instant Complaint was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. *Johnson v. Veterans Administration,* 107 F.R.D. 626, 628 (N.D.Miss.1985). Sanctions are, therefore, appropriate.

---

**4.** SLP's attorneys argue that they can be wrong about the law and not risk Rule 11 sanctions. This position is contrary to the very heart of Rule 11 which provides that the signature of an

attorney certifies that the paper is warranted by existing law or a good faith argument for the reversal, extension or modification of existing law.

The purpose of recently amended Rule 11 is "to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims or defenses." Federal Rules of Civil Procedure, Rule 11, Advisory Committee Notes. The Rule is not intended to chill creativity or stifle zealous advocacy. Rule 11 is intended to check unjustifiable litigation tactics which proceed under the guise of creativity and zealous advocacy.