Patricia **THOMAS, Bernadine Bland Doss, Georgia Evans and Rose Clark, Individually and on Behalf of all Others Similarly Situated, Plaintiffs,**

v.

**CAPITAL SECURITY SERVICES, INC., Defendant.**

Civ. A. No. W84–0148(B).

United States District Court, S.D. Mississippi, W.D.

June 10, 1986.

Deborah A. McDonald and Mary Brown, Southwest MS Legal Services, Natchez, Miss., Willie L. Rose, McComb, Miss., for plaintiffs.

Donald Maliniak, Fuselier, Ott & McKee, Jackson, Miss., for defendant.

### ORDER

BARBOUR, District Judge.

Presently before the Court for disposition is the Motion of Defendant, prevailing party in this litigation on it merits, for attorneys fees under the appropriate provision of Title VII, 42 U.S.C. § 2000e–5(k), and under F.R.Civ.P. Rule 11 and 28 U.S.C. § 1927. Having considered the memoranda and various materials submitted by the parties, the Court is of the opinion that the

Motion, while presenting a close question in certain respects, should be denied.

■ The core claim of this suit was the allegation of the individual plaintiffs that their termination from employment by layoff was because of race and/or sex. While the evidence offered in support of this theory at trial was weak and ultimately unpersuasive, the Court cannot say that the central claim was frivolous, without any foundation in fact, or brought in bad faith.

Other aspects of this case, however, are disturbing to the Court. The Complaint filed in this cause contained textbook Rule 23 class action allegations and further contained, in a section styled "violations," allegations of the most conclusory nature concerning a wide variety of discriminatory employment practices, including hiring. These "shotgun" allegations of the Complaint appear to the Court to have been taken from a litigation form book. No motion for class certification was subsequently filed by Plaintiffs, and the discovery arguably directed to this issue was, at best, minimal. Several of these claims asserted were beyond the reasonable scope of the relevant EEOC charges (e.g. hiring) and would be dependent upon the development of an appropriate class representative other than the four individual plaintiffs. These claims were dismissed upon pretrial motion of Defendant.

■ We think that the foregoing circumstances present a borderline situation for the imposition of sanctions upon attorneys McDonald and Rose of Southwest Legal Services under F.R.Civ.P. Rule 11. As amended effective August 1, 1983, Rule 11 now imposes a non-subjective requirement that, after reasonable inquiry, a competent attorney could have formed a reasonable belief that the Complaint was well grounded in fact and warranted by existing law or reasonably foreseeable legal developments. *Davis v. Veslan Enterprises,* 765 F.2d 494, 497 (5th Cir.1985); *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986); *Southern Leasing Partners v. Bludworth,* 109 F.R.D. 643 (S.D.Miss.1986). The Notes of the Advisory Committee stress the need for reason-

able pre-filing inquiry as to the facts and law and emphasize that the purposes of the amendment are to discourage abusive tactics by attorneys and to help streamline the litigation process. *See also Johnson v. Veterans Administration,* 107 F.R.D. 626, 628 (N.D.Miss.1985); *Woodfork v. Gavin,* 105 F.R.D. 100 (N.D.Miss.1985). With respect to the broad allegations referred to above, the Court is not totally convinced that a reasonable prefiling inquiry as to the specific facts and the law was made by the attorneys for plaintiffs in the instant case. Nevertheless, the Court is reluctant to grant Defendants' fees for that portion of the case as sanctions under Rule 11 because of the somewhat unsettled state of existing law prior to the time the Complaint was filed in October 1984. For example, *Vuyanich v. Republic National Bank,* 723 F.2d 1195 (5th Cir.1984), which the Court found to be of some importance in its ruling on Defendant's motion, was not decided until January 30, 1984. While, in the view of the Court, the overall import of such cases as *Vuyanich, General Telephone Co. v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), *Evans v. U. S. Pipe,* 696 F.2d 925 (11th Cir.1983), and others mentioned in the Court's ruling on summary judgment, should have been clear to attorneys for Plaintiffs, we cannot say that the principles to be derived from those cases, as applied to particular fact situations, were so etched in stone that reasonable debate was precluded. Thus, given the backdrop of confusion that had previously existed concerning *Sanchez* "scope of the charge" issues and "across-the-board" class actions, the apparent view of the law taken by Plaintiffs' attorneys, while incorrect, was not so implausible that sanctions under Rule 11 should be imposed in this particular case in the absence of clear indicia of bad faith. *Compare, Southern Leasing Partners,* supra.

As a final note, we add that a cavalier approach to pleading is no longer permitted under Rule 11 as amended. Contrary to the assertions made by attorneys for Plaintiffs in their brief in response to the instant

motion, the arguments posed by counsel for Defendant in support of fees and sanctions can in no manner be termed "frivolous." All counsel practicing in this District, including counsel for Plaintiffs in the instant case, should thoroughly familiarize themselves with the obligations and responsibilities imposed upon attorneys under the new Rule.

It is ordered that Defendant's Motion for Attorneys Fees under 42 U.S.C. § 2000e–5(k), 28 U.S.C. § 1927, and F.R.Civ.P. Rule 11, be, and hereby is, denied.