Christopher COLUMBUS, Plaintiff,

v.

UNITED PACIFIC INSURANCE COMPANY; GAB Business Services, Inc.; R.D. Summerlin; Ferd Moyse, Sr.; Hanf, Moyse & Abingson; and Jim McGowan, Defendants.

Civ. A. No. J86–0283(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 19, 1986.

Cotton Ruthven, Jackson, Miss., for plaintiff.

James L. Carroll, W. Scott Welch, III, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

Defendants, GAB Business Services, Inc. (GAB), R.D. Summerlin and Jim McGowan have moved this Court for summary judgment and/or dismissal in the above-referenced action and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 1927. The Motion for Summary Judgment and/or Dismissal is based upon two grounds: (1) that Plaintiff has failed to state a claim against the Defendants under the substantive law of the State of Mississippi which governs in this diversity action; (2) that Plaintiff's suit against the movants is barred under the doctrine of res judicata by reason of the prior judgment of this Court in *Columbus v. Reliance Insurance Company*, 626 F.Supp. 1147 (S.D.Miss. 1986). The Motion for Sanctions is based upon the allegation that the Complaint herein was interposed with the improper purpose of seeking to relitigate claims which have been foreclosed by the prior Judgment of this Court.

The Court finds, for the reasons stated herein, that the Motions are well taken and that the Plaintiff's claims against the movants are barred under both the substantive law of Mississippi and the doctrine of res judicata. Because the Court further finds that the Complaint against these Defendants is a frivolous and vexatious attempt to relitigate claims foreclosed by the prior Judgment of Dismissal in *Columbus v. Reliance Insurance Company, supra,* sanctions shall be imposed.

## FACTS

The instant complaint contains numerous counts ranging from intentional misrepresentation to negligence per se and bad faith, but each count as to the moving Defendants is grounded upon their activities as adjustment agents for Defendant United Pacific Insurance Company in connection with a fire loss occurring on April 24, 1984, to property in Greenville, Mississippi, belonging to Plaintiff. Plaintiff initially filed suit against Reliance Insurance Company[1], GAB Business Services, Inc. and R.D. Summerlin in State Court on March 28, 1985. That case was removed to this Court by Defendants pursuant to 28 U.S.C. § 1441 alleging fraudulent joinder of GAB and Summerlin and diversity of citizenship as to the remaining parties. Upon removal, that suit was given Civil Action No. J85–0405(L). Plaintiff in that case, represented by the same attorney representing him in this action, filed a Motion to Remand. GAB and Summerlin filed a Motion to Dismiss and Plaintiff moved for leave to amend the Complaint to clarify the count entitled "intentional torts" in order to allege that GAB and Summerlin acted independently of any contract of insurance in the commission of independent torts against the Plaintiff. Plaintiff's Motion to Amend was granted by Order of the Court on June 20, 1985, and the Amended Complaint was filed on June 27, 1985. *Columbus v. Reliance Insurance Company*, Civil Action No. J85–0405(L) (S.D.Miss.). The Amended Complaint also added Jim McGowan as a Defendant.

On January 23, 1986, after receiving briefs from all parties and after hearing oral arguments, Judge Tom S. Lee entered a memorandum opinion dismissing the

---

**1.** An Order dismissing that action as to Reliance Insurance Company was entered on January 23, 1986, based upon the finding that Reliance did not issue the policy upon which that action was based.

Complaint as to GAB and Summerlin. *Columbus v. Reliance Insurance Company*, 626 F.Supp. 1147, 1149 (S.D.Miss.1986). In reaching the conclusion that Plaintiff would not be able to establish a cause of action against these Defendants in state court, Judge Lee relied in part on the Mississippi Supreme Court's opinion in *Griffin v. Ware*, 457 So.2d 936 (Miss.1984). As noted by Judge Lee, the *Griffin* court interpreted Mississippi law as holding that "an adjuster is not liable to an insured for his actions in adjusting a claim for an insurer." *Id.*, at 939; quoted in *Columbus v. Reliance Insurance Company, supra*, at 1148. As further noted by Judge Lee, the relationship between GAB, Summerlin and the Plaintiff "arose only because of the existence of the [insurance] contract and all of their actions were undertaken in the context of adjusting plaintiff's claims." *Columbus v. Reliance Insurance Company, supra* at 1149. A final judgment dismissing the complaint against Defendants GAB and Summerlin with prejudice was entered on March 24, 1986.[2]

## LAW

■ As noted above, the present Complaint contains numerous counts. These counts are captioned as torts, intentional inducement of breach of insurance contract, civil conspiracy, contractual debt, bad faith breach of fiduciary duty and punitive damages. Artful pleading, however, cannot disguise the fact that all of the allegations against the moving Defendants involve their activities as adjustment agents for United Pacific Insurance Company in connection with the fire loss occurring on April 24, 1984, to the property belonging to Plaintiff in Greenville, Mississippi. As noted above, an adjuster cannot be held liable under Mississippi law to an insured for his actions in adjusting a claim for an insurer. *See Columbus v. Reliance Insurance Company, supra*, at 1148; *Griffin v. Ware, supra*, at 939. Accordingly, the

Complaint fails to state a claim against Defendants' GAB, Summerlin or McGowan.

In light of the Court's resolution of the Motion to Dismiss on these grounds, it would normally be unnecessary to reach the issue of whether Plaintiff's action is barred by res judicata. Defendants have, however, asked the Court to impose sanctions under Rule 11 and the Motion for Sanctions is based upon the allegation that the Complaint herein constitutes an impermissible attempt to relitigate claims foreclosed by the prior judgment of this Court in *Columbus v. Reliance Insurance Company, supra*. The issue of whether this action is barred by res judicata must therefore be resolved in the context of Defendants' Motion for Sanctions pursuant to Rule 11.

Due to the limited purpose of this inquiry, the Court need not resolve the question of whether res judicata bars Plaintiff's action against *all* of the Defendants. Defendants GAB and Summerlin were clearly and indisputably parties to the previous action. As noted above, Defendant McGowan was named as a Defendant in the Amended Complaint in the prior action, but it does not appear that the claims against him were before the Court when judgment was entered in that action. Thus, while Defendants have alleged that there was sufficient privity between the parties and that Defendant McGowan's interests were adequately protected in the prior action for the purposes of res judicata, resolution of this issue is not necessary for determination of the motions now before the Court and the effect of the prior judgment as res judicata in this action will therefore be considered only as to Defendants GAB and Summerlin.

## RES JUDICATA

■ The test to be applied in this circuit to determine whether a prior judgment bars an action on the basis of res judicata has been stated as follows:

2. As noted above, Defendant McGowan was named as a defendant in the Amended Complaint in the prior action. It appears, however, that McGowan was not served with process in that action and he therefore was not a party to the motion to dismiss.

[T]he parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both actions.

*Nilsen v. City of Moss Point,* 701 F.2d 556, 559 (5th Cir.1983). There is no question that GAB and Summerlin were parties to the prior action. Although Plaintiff has attempted to create an issue as to whether the prior judgment was rendered by a court of competent jurisdiction, Plaintiff's argument on this point is not supported in law or in fact. Although Defendant McGowan was named in the Amended Complaint and was never formally dismissed in that action, it also appears that he was not served with process. In light of these facts, Plaintiff can scarcely be heard to argue at this date that McGowan's presence in the prior action destroyed diversity jurisdiction.

The central issues in this case are whether the prior judgment was a final judgment on the merits, and, if so, whether the same cause of action was involved in both actions. The first issue is easily resolved by a review of the record in the prior action. The Judgment entered therein by Judge Lee on March 26, 1986, states that the action against GAB and Summerlin " ... is dismissed as to said defendants only with prejudice." That Judgment was entered in accordance with the Memorandum Opinion and Order in which Judge Lee held that " ... neither the original complaint nor the amended complaint state a cause of action against GAB and Summerlin." *Columbus v. Reliance Insurance Company, supra,* at 1149.

In *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977), the Court noted that "[d]ismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends plaintiff's law suit," and cautioned that the plaintiff should therefore be afforded every opportunity to state a claim upon which relief can be granted. *Id.* The Plaintiff in this case was given such an opportunity in the prior action and the order dismissing that action clearly states that the amended complaint also failed to state a claim against GAB and Summerlin.

The last factor to be considered is whether both cases involve the same cause of action. Although various tests have been applied in making this determination, *see, e.g., Nilsen, supra,* at 559–60, 18 Wright & Miller, *Federal Practice and Procedure,* § 4407 (1981), it is clear that the substance of the claims and not their form, governs the determination. *See Bookkeepers Tax Services v. National Cash Register Company,* 598 F.Supp. 336, 340 (E.D.Tex.1984). Under the traditional test, there is identity of actions where "the primary right and duty or wrong are the same in each action." *Nilsen, supra,* at 559 (*quoting Kemp v. Birmingham News Company,* 608 F.2d 1049, 1052 (5th Cir.1979)). Under the more modern transactional test, the focus of the inquiry is upon the transaction to which the claims relate rather than the rights conceived to be held by the plaintiff. *See Nilsen, supra,* at 560 n. 4; 18 Wright and Miller, *supra* at § 4407.

Regardless of which test is applied in this case, it is clear that the prior cause of action against the Defendants is substantively the same as the cause of action alleged in the Complaint in this suit. The "right" asserted by Plaintiff in both cases arose from the existence of a fire insurance contract and, in each case, Defendants were alleged to have interfered with Plaintiff's right to collect benefits under that contract.

The identity of actions in this case is even clearer under the transactional test which has been described as follows:

The present trend is to see claim and factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in

the evidence needed to support the theories or rights. *The transaction is the basis of the litigative unit or entity which may not be split.*

Restatement (2d) of Judgments, § 24 Comment A. (1982) (emphasis added) (*quoted in Nilsen, supra,* at p. 560 n. 4). In applying this test, "[t]he transaction may be single despite different harms, substantive theories, measures or kinds of relief." *Id.* The actions involved herein clearly and indisputably relate to a single transaction—the settlement of Plaintiff's insurance claim with respect to the fire which damaged his insured business on April 24, 1984.

As stated in *Nilsen,*

The doctrine of res judicata contemplates, at a minimum, that courts be not required to adjudicate, nor defendants to address, successive actions arising out of the same transaction, asserting breach of the same duty.

*Nilsen, supra,* at 563. Res judicata therefore bars "... all claims that were or *could have been* advanced in support of the cause of action on the occasion of its further adjudication ... not merely those that were adjudicated." *Southern Leasing Partners, Ltd. v. Bludworth,* 109 F.R.D. 643, 645 (S.D.Miss.1986) (*quoting Bookkeepers Tax Services v. National Cash Register Service, supra,* at 340).

In accordance with the above, the Court holds that this action against Defendants GAB and Summerlin is barred by res judicata. The Court has considered Plaintiff's argument that an exception to the general rules of the claim preclusion should be recognized in this case on the ground of public interest and/or manifest injustice. The Court notes, however, that either or both of these arguments could have been raised in opposition to the Motion to Dismiss in the prior action and/or on appeal from the Judgment of Dismissal therein. Plaintiff chose not to pursue these avenues of relief in the prior action and cannot now be heard to complain that he has not "had his day in court."

■ Having determined that Plaintiff has failed to state a claim against Defendants GAB, Summerlin, or McGowan, and that res judicata bars action against Defendants GAB and Summerlin, the Court is faced with the difficult task of determining whether sanctions should be imposed against Plaintiff and/or Plaintiff's attorney under Rule 11 of the Federal Rules of Civil Procedure.

As recently noted by this Court,

[T]he purpose of recently amended Rule 11 is "to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims or defenses." (Citation omitted). The rule is not intended to chill creativity or stifle zealous advocacy. Rule 11 is intended to check unjustifiable litigation tactics which proceed under the guise of creativity and zealous advocacy.

*Southern Leasing Partners, Ltd. v. Bludworth, supra,* at 646.

Rule 11 requires attorneys to make a "reasonable inquiry" into both the law and the facts prior to signing any pleading, motion or other paper. In this case, a reasonable inquiry into the law governing res judicata would have clearly shown that this action against Defendants GAB and Summerlin was barred by the prior judgment of dismissal. Factually, the instant case is a "mirror image" of the claims previously asserted against these Defendants. No new facts have been alleged. In addition, counsel for Defendants responded to the instant complaint by promptly notifying Plaintiff's attorney of their position regarding the judgment of dismissal in the prior action and cautioned that they would seek sanctions under Rule 11 unless the action was voluntarily dismissed. This notification gave Plaintiff's attorney an additional opportunity to undertake an investigation into the applicable law concerning the effect of the prior judgment, but that opportunity was apparently rejected.

Both counsel of record for Plaintiff and Plaintiff himself, acting together, have refused to accept the judgment of Judge Lee

in the earlier suit and have filed this suit for the improper purpose of attempting to have another court reach a different conclusion on the same issues. This has resulted in harassment of the Defendants, has caused unnecessary delay in the final disposition of the dispute and has caused a needless increase in the cost of litigation to the Defendants GAB and Summerlin. Accordingly, counsel for Plaintiff and Plaintiff have violated both the letter and the spirit of Rule 11. Furthermore, since the same defense available to GAB and Summerlin was available to Defendant McGowan, and since that defense had been clearly allowed by Judge Lee in the earlier case, there could be no good faith argument for the extension, modification or reversal of existing law. Accordingly, there has also been a Rule 11 violation in regard to McGowan.

The Court finds that sanctions should be ordered against both Plaintiff and his counsel of record. Appropriate sanctions would be the requiring of Plaintiff and his counsel of record to pay all reasonable fees and expenses incurred by Defendants GAB, Summerlin and McGowan in defense of this suit. Those Defendants are directed to present to the Court within 15 days an itemized request for attorneys fees and expenses. The Plaintiff and his counsel of record may file a response to that itemized request within 10 days after such filing. The Court thereafter will set the amount of the sanctions imposed by this Order together with a time by which they shall be paid. Such sanctions shall be ordered paid one-half each by Plaintiff and his counsel of record.

In summary, the Motion to Dismiss of Defendant GAB Business Services, Inc., R.D. Summerlin and Jim McGowan is hereby granted and a separate Judgment of Dismissal with prejudice will be entered and the Motion for Rule 11 Sanctions against Plaintiff and his counsel of record is hereby granted with further proceedings as set forth herein.