**IRONWORKS UNLIMITED, Plaintiff,**

v.

**Larry L. PURVIS and Southern Guaranty Insurance Company, Defendants.**

**Civ. A. No. J91–0617(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 4, 1992.

C. Victor Welsh III, Cothren and Pittman, Jackson, Miss., for plaintiff.

James L. Carroll, Watkins and Eager, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, on Plaintiff's Motion to Set Aside Order of the Magistrate, whereby the Magistrate Judge denied Plaintiff's motion to remand this matter to state court. Defendants have responded to the Motion, and Defendant Larry L. Purvis has filed a Motion to Dismiss and/or for Summary Judgment. The Court, having considered the Motions and Responses, together with memoranda of authorities and attachments thereto, now renders the following findings of fact and conclusions of law.

## I. FACTS AND PROCEDURAL HISTORY

On September 18, 1991, Ironworks Unlimited, Inc. ("Ironworks"), a Mississippi corporation, filed its Complaint against Defendants Southern Guaranty Insurance Company, a foreign corporation authorized to do business in Mississippi, and Larry L. Purvis, a Senior Claims Representative for Southern Guaranty in its Mississippi office, in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The claims asserted in the Complaint arise out of the denial of an insurance claim filed on a policy issued by Southern Guaranty to Ironworks which Defendant Purvis, a Senior Claims Representative for Southern Guaranty, adjusted on behalf of the insured. In its Complaint, Plaintiff stated the following cause of action:

> Defendants have refused to honor the claims of the Plaintiff without any justifiable or arguable reason, and in doing so, Defendants have breached their contract of insurance with Plaintiff and have dealt with Plaintiff in bad faith. Further, these actions of Defendants amount to such gross negligence, malice, and reckless disregard for the rights of Plaintiff, that Plaintiff is entitled to an award of punitive damages from Defendants.

On October 23, 1991, Defendants filed a Notice of Removal in this action, thereby removing Plaintiff's state court action to this Court. The basis asserted for the removal of this action was that Larry Purvis had been fraudulently joined as a defendant solely for the purpose of defeating federal diversity jurisdiction. On October 29, 1991, Ironworks filed its Motion to Remand this case to state court. On November 27, 1991, the United States Magistrate Judge entered an Order denying Plaintiff's Motion to Remand. Plaintiff subsequently filed the instant Motion to Set Aside Order of Magistrate, arguing that, under Mississippi law, the possibility exists that a claim could be stated against Defendant Purvis, thereby overcoming the conclusion that Purvis has been fraudulently joined.

## II. CONCLUSIONS OF LAW

### A. Standard for Removal of Claims to Federal Court

Where removal of an action from state to federal court is sought, the party seeking removal must establish a basis for

federal jurisdiction. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, the removal of cases in which the federal court may have had original jurisdiction on the basis of diversity of citizenship is subject to limitation, and

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim [of diversity of citizenship] ... shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Thus, for removal to be proper in this case, it must be established that Defendant Purvis was a fraudulently joined defendant so that his presence does not defeat diversity of citizenship jurisdiction or bring the limitation of section 1441(b) into play.

In establishing that a defendant to the action has been fraudulently joined, the removing party must show that there has been fraud in the pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a claim against the alleged fraudulently joined party in a state court proceeding. *B., Inc.*, 663 F.2d at 549. There is no allegation in the instant case that Plaintiff is guilty of fraudulently pleadings jurisdictional facts. Therefore, this action was properly removed to federal court only if Plaintiff would not be able to establish a claim against Defendant Purvis in a state court action. Whether a case is removable, and implicitly whether it states a cognizable claim against a particular defendant, is determined by reference to the allegations made in the state court pleadings. *See Tedder v. F.M.C. Corporation*, 590 F.2d 115, 116 (5th Cir.1979); *Gray v. United States Fidelity & Guaranty*, 646 F.Supp. 27, 29 (S.D.Miss.1986). In addition, the United States Court of Appeals for the Fifth Circuit has recognized that it is appropriate for the court to "pierce the pleadings" and review all evidence placed before it in determining whether fraudulent joinder has occurred. Therefore, a plaintiff is not restricted to the facts in the state court pleadings, but may establish the facts of his claim against the in-state defendant by

other evidence, including affidavits and deposition. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990); *B., Inc.*, 663 F.2d at 549; *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980). After all disputed questions of fact and all ambiguities in the substantive law are resolved in favor of the plaintiff, the court then determines whether any possibility of recovery has been asserted against the in-state defendants. *Carriere*, 893 F.2d at 100.

In determining if the facts alleged in the pleadings set forth a cognizable claim against the alleged fraudulently joined party, the United States Court of Appeals for the Fifth Circuit has set forth the following standard:

> If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder." However, if there is even a possibility that a state court would find a cause of action against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court may find that the in-state defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts.

*B., Inc.*, 663 F.2d at 550 (citations omitted). Applying this standard, the Court must now determine whether Plaintiff has stated a claim, recognized under the laws of Mississippi, against Defendant Purvis.

### B. Bad Faith Claims Under Mississippi Law

A cause of action against an insurance company for bad faith denial of a claim was first recognized under Mississippi law in the case of *Standard Life Insurance Company v. Veal*, 354 So.2d 239, 247–48 (Miss. 1977), wherein the court held that an award of punitive damages against an insurance company was permissible where the refusal

**1264**

to pay a legitimate policy claim is attended by such intentional wrong, insult, abuse, or gross negligence as to constitute an independent tort.

The assertion of bad faith claims against insurance company agents and employees, however, has produced a string of conflicting and often irreconcilable opinions from both Mississippi state courts and federal courts rendering *Erie*[9]–bound decisions on that issue. In *Griffin v. Ware,* 457 So.2d 936, 940 (Miss.1984), the Mississippi Supreme Court first announced the principle that an insurance company adjuster who was not a party to the contract of insurance did not owe the insured an implied duty of good faith and fair dealing and therefore could not be individually sued for bad faith denial of a claim. Although the Mississippi Supreme Court did not have soon occasion to apply the holding of *Griffin v. Ware,* federal district courts in Mississippi routinely applied the holding to bar joinder of insurance agents or adjusters as individual defendants in bad faith actions against insurance companies. *See Columbus v. United Pacific Insurance Company,* 641 F.Supp. 707 (S.D.Miss.1986); *Williams v. Lafayette Insurance Company,* 640 F.Supp. 686 (N.D.Miss.1986); *Columbus v. Reliance Insurance Company,* 626 F.Supp. 1147 (S.D.Miss.1986); *Hill v. Giuffrida,* 608 F.Supp. 648 (S.D.Miss.1985).

Later, in *Leathers v. Aetna Casualty & Surety Company,* 500 So.2d 451 (Miss. 1986), a bad faith action brought against a worker's compensation carrier and its employee, the Mississippi court cited its ruling in *Griffin* in discussing any independent liability that the carrier's employee might have, but went on to observe that "[o]ur general rule in tort is that the agent or servant, the one whose conduct had rendered his principle liable, has individual liability to the plaintiff." *Leathers,* 500 So.2d at 453. The court then remanded the case for further consideration of the bad faith claim that had been asserted against the carrier's employee individually. This Court, in later attempting to reconcile the holdings of *Griffin* and *Leathers,* drew the following distinction:

In *Leathers* the Mississippi Supreme Court declines to decide whether Leathers states a claim against Johanna Rice [, the carrier employee]; it does not overrule *Griffin v. Ware.* The general rule in tort to which the Court refers is not inconsistent with the holding of *Griffin v. Ware.* An individual generally may be held liable jointly with a corporation for a tort he commits as an agent of the corporation. (citations omitted). *Griffin v. Ware* establishes only that the "tort" of "breach of an implied duty of good faith and fair dealing," being a hybrid of contract, is not a tort in the general sense. *Schoonover v. West American Insurance Company,* 665 F.Supp. 511, 516 (S.D.Miss. 1987).

Shortly following *Schoonover,* however, and its attempt to reconcile *Leathers* and *Griffin,* the court in *Dunn v. State Farm Fire & Casualty Company,* 711 F.Supp. 1359 (N.D.Miss.1987), held that an agent or adjuster could incur individual liability for bad faith claims. In *Dunn,* an insured brought suit against an insurance company and its adjuster for bad faith denial of a claim. As a basis for the bad faith claim asserted against the adjuster, the insured alleged that the adjuster failed to properly investigate her claim. Subsequent to removal of the suit to federal court, the adjuster moved to dismiss the bad faith claim asserted against him individually and the plaintiff moved to remand the matter to state court on the basis that a bad faith claim could validly be asserted against the adjuster. In holding that a bad faith claim could be maintained against an adjuster under some circumstances, the court noted the following:

An adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim. (citation omitted). However, an adjuster is not liable for simple negligence in adjusting a claim. (citations omitted). He can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured. (citations omitted). In order to maintain her claim against Terry H. Blalock [the adjuster], [the Plaintiff]

Mrs. Dunn must allege acts which give rise to bad faith.

*Dunn,* 711 F.Supp. at 1361. However, because the complaint at issue in *Dunn* alleged only simple acts of negligence against the adjuster, the bad faith claim asserted against the adjuster was ultimately dismissed.

Although *Dunn* represented a significant shift in bad faith law, it was not applied in subsequent bad faith cases, and courts applying Mississippi law continued to adhere to the principle that an agent or adjuster could not be held personally liable for bad faith claims. *See Moore v. Interstate Fire Insurance Co.,* 717 F.Supp. 1193 (S.D.Miss.1989); *Butler v. Nationwide Mutual Insurance,* 712 F.Supp. 528 (S.D.Miss. 1989).

Finally, in *Bass v. California Life Insurance Company,* 581 So.2d 1087 (Miss. 1991), the Mississippi Supreme Court adopted the ruling in *Dunn* verbatim and held that an administrator of an insurance plan could be held liable for a bad faith failure to pay claims under the insurance policy. In *Bass,* the insured brought an action for bad faith denial of an insurance claim against the insurer and the plan administrator which had the authority to pay certain claims such as the insured's without prior approval from the insurer. Holding that the plan administrator could be held liable for the bad faith denial of the insured's claim, the court noted the following about the legal standard to be applied to insurance company employees and/or agents that are sued for their involvement in the denial of a claim for benefits.

[T]his Court believes that our ruling in *Griffin v. Ware* is now insufficient for the day. Jurisprudence should not be in the position of approving a deliberate wrong. In that regard, we feel that *Griffin* is yesterday's case. A better approach is the standard placed upon an adjuster/agent in the case of *Dunn v. State Farm Fire & Casualty Co.,* 711 F.Supp. 1359 (N.D.Miss.1987).

.    .    .    .    .

[W]e find that *Dunn v. State Farm Fire & Casualty Co.* provides the better standard for an adjuster/administrative agent such as VPA. This Court is hesitant to hold adjusters, agents or other similar entities to a standard of ordinary negligence. We will, however, hold them to a standard of care consistent with *Dunn.* . . .

*Bass,* 581 So.2d at 1090.

### C. Analysis of Claims Asserted against Defendant Purvis

■ With this understanding of Mississippi bad faith law in mind, the Court must determine if Plaintiff has stated a claim against Defendant Purvis. As the Court has previously noted, Plaintiff's Complaint states as follows:

Defendants have refused to honor the claims of the Plaintiff without any justifiable or arguable reason, and in doing so, Defendants have breached their contract of insurance with Plaintiff and have dealt with Plaintiff in bad faith. Further, these actions of Defendants amount to such gross negligence, malice, and reckless disregard for the rights of Plaintiff, that Plaintiff is entitled to an award of punitive damages from Defendants.

Based on this statement of the claim, the Court finds that, resolving all contested issues of fact and law in favor of Plaintiff, no possibility of a valid cause of action has been set forth in the Complaint against Defendant Purvis. Plaintiff's Complaint clearly states that the basis of its claim against both Defendants is that "Defendants have refused to honor the claims of the Plaintiff without any justifiable or arguable reason." Even when construed in the light most favorable to Plaintiff, there can be no doubt that Plaintiff's claim relates solely to the failure to pay the insurance claim submitted by Plaintiff to Defendant Southern Guaranty. However, neither the Complaint nor the evidence placed before the Court pursuant to *Carriere, see,* supra, section II.A., even remotely suggests that Defendant Purvis had any role in the decision to deny Plaintiff's claim. To be sure, evidence submitted by Plaintiff in support of its Motion to Set Aside Magistrate's Order suggests that Purvis may

have committed acts in the course of adjusting Plaintiff's claim that would subject him to liability for grossly negligent adjustment of the claim. Nonetheless, that cause of action was not pleaded in the Complaint. While *Carriere* evidence may be used to substantiate the facts underlying a claim that has been pleaded in the Complaint, it may not be used to assert a new claim that was not pleaded, and the Court must resolve removal and remand issues by resort only to the claims that existed in the Complaint at the time that the action was removed from state court.

The Court finds support for its conclusion that no valid claim has been asserted against Defendant Purvis in the *Dunn* opinion. In *Dunn*, the claim asserted against the adjuster was based upon the adjuster's alleged failure to properly investigate the claim, *see Dunn*, 711 F.Supp. at 1360, and did not rest merely upon the denial of the claim itself. Unlike *Dunn*, Plaintiff here has simply failed to assert any claim in the Complaint against Defendant Purvis that is based on the adjustment of the claim.

Similarly, the Court also finds support of its ruling under *Bass*. While *Bass* did involve the assertion of a bad faith claim against an insurance administrator solely on the basis of the denial of the claim, the facts of *Bass* reveal that the administrator had the authority to pay or deny claims without prior approval from the insurer. Unlike in the instant matter, the decision to deny claims was vested in someone other than the insurance company, thus enabling the denial of a claim to create liability on the part of an agent of the company as well as the insurer itself.

Finally, the Court notes that the basis of its decision that no possibility of a valid claim exists against Defendant Purvis is different from the basis upon which the Magistrate Judge ruled that no claim has been stated against Defendant Purvis. In his ruling, the Magistrate Judge held that, because the claim involved herein was based solely on a contract of insurance between Plaintiff and Defendant Southern Guaranty, no possibility existed that Defendant Purvis could be held liable for a breach of the contract for failure to pay a claim since he was not in fact a party to the contract. Plaintiff has attempted to refute this ruling by pointing out language in *Dunn* which states that "[t]he relationship between an adjuster and the insured is a purely contractual one." *Dunn*, 711 F.Supp. at 1361. Plaintiff further notes that this language from *Dunn* was adopted verbatim by the court in *Bass*, thereby establishing that the Mississippi court adheres to this view of the relationship between an insured and an employee or agent of the insurer.

Upon an examination of *Dunn*, however, the Court concludes that the language at issue may have been a misstatement of the law. Specifically, the Court notes that the language suggesting the contractual nature of the relationship between an insured and an adjuster is followed by a citation to three opinions of the Mississippi Supreme Court, none of which state that proposition of law. While it is possible that the *Dunn* court found a contractual aspect to the insured/adjuster relationship in that case because of a possible third party beneficiary situation, it is unclear from the facts of the case that this was a basis for the court's ruling. Accordingly, the Court is not persuaded that this particular language from *Dunn* should be afforded great weight.

Plaintiff has pointed out, however, that the *Dunn* language suggesting the contractual relationship between an adjuster and the insured was adopted verbatim in *Bass* and should signify to this Court that an insured can sue an adjuster or other employee/agent of the insurance company on the basis of the insurance contract. However, the facts of *Bass* clearly establish that the administrator being sued in that case was expressly named in the master policy as a third party to the contract of insurance. Under these facts, an action against the administrator could be maintained under the contract. However, no such facts exist in the instant matter, and the Court finds that the Magistrate Judge was correct in ruling that Defendant Pur-

vis cannot be sued on a claim asserted under the contract of insurance.

Based on the foregoing analysis, the Court concludes that the ruling of the Magistrate Judge finding that no claim could be asserted against Defendant Purvis under the contract of insurance, that Defendant Purvis had therefore been fraudulently joined in this action, and that remand of this action to state court was inappropriate was neither clearly erroneous nor contrary to law. In addition, the Court finds that the ruling of the Magistrate Judge should be affirmed on the basis of this Court's analysis of the nature of the claim asserted and its finding that no valid claim has been asserted against Defendant Purvis under Mississippi law for the refusal to pay Plaintiff's claim under the Southern Guaranty policy. Accordingly, the Court finds that Plaintiff's Motion to Set Aside Order of Magistrate is hereby denied. Because this Court has determined that no valid claim for relief has been asserted against Defendant Purvis in Plaintiff's Complaint, the Court finds that the Motion of Defendant Purvis to Dismiss and/or for Summary Judgment should be granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Set Aside Order of Magistrate is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant Purvis to Dismiss and/or for Summary Judgment is hereby granted and that Defendant Purvis is hereby dismissed from the lawsuit.

SO ORDERED.