Doris Green SHAVERS, Individually and as Executrix of the Estate of Joe Green, Deceased, Plaintiff,

v.

BEVERLY ENTERPRISES–MISSISSIP-PI, INC. d/b/a Cleveland Health Care Center and Dr. S. D. Austin, Defendants.

No. 2:97CV100–B–B.

United States District Court,
N.D. Mississippi,
Delta Division.

Sept. 17, 1997.

### *MEMORANDUM OPINION*

BIGGERS, District Judge.

This cause comes before the court on the plaintiff's motion to remand and for attorney's fees. The court has duly considered the parties' pleadings, memoranda and exhibits and is ready to rule.

■ This cause was removed on the ground of diversity jurisdiction. The notice of removal alleges fraudulent joinder of Dr. S.D. Austin, a nondiverse defendant. If fraudulently joined, Austin's citizenship is not considered in determining whether diversity of citizenship exists. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). The removing party carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence. *Jernigan,* 989 F.2d at 815; *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). Fraudulent joinder may be established by showing outright fraud in the plaintiff's pleading of jurisdictional facts. *Jernigan,* 989 F.2d at 815; *B., Inc.,* 663 F.2d at 549. In addition, "a joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Bolivar v. R & H Oil & Gas Co.,* 789 F.Supp. 1374, 1376–77 (S.D.Miss.1991). Fraudulent joinder may also be established as follows:

> To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). The plaintiff added Austin in an amended complaint filed prior to the removal.[1] The plaintiff, a Mississippi citizen, asserts that she had no reason to add a defendant for the purpose of defeating diversity jurisdiction since one of the original defendants, Cleveland Health Care Center, Inc., was a Mississippi corporation. Following the removal, the plaintiff's counsel learned that the proper defendant is Beverly Enterprises–Mississippi, Inc., d/b/a Cleveland Health Care Center [Beverly Enterprises].[2] The court finds no evidence of any outright fraud for the sole purpose of defeating diversity of citizenship[3] on the part of the plaintiff in joining Austin as a defendant.

█ The remaining issue is whether the amended complaint alleges a claim against Austin. *Ironworks Unlimited v. Purvis*, 798 F.Supp. 1261, 1263 (S.D.Miss.1992) ("Whether a case is removable, and implicitly whether it states a cognizable claim against a particular defendant, is determined by reference to the allegations made in the state court pleadings") (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir.1979) (other citation omitted)). Beverly Enterprises asserts that the amended complaint fails to allege any facts supporting a negligence claim against Austin and fails to state any explicit claim against him. The amended complaint includes Austin's name in the style but does not specifically identify Austin as a party in the text or allege any jurisdictional facts regarding Austin. The plaintiff concedes that she inadvertently omitted certain information regarding Austin, including his citizenship. The amended complaint alleges claims of negligence, gross negligence and breach of contract against Beverly Enterprises[4] arising out of the treatment and death of Joe Green [the decedent]. The amended complaint alleges that the decedent was admitted as a nursing home[5] patient on September 27, 1994 and underwent an amputation on December 16, 1994 at the Bolivar County Hospital. The amended complaint further alleges:

> As a direct and proximate result of defendants' breach of the duty owed to Joe Green, Joe Green experienced pain and suffering and ultimately died on July 12, 1995 of complications arising from the injuries he sustained while under the care of the defendants from and after his amputation.

Amended Complaint, paragraph 16 at 6. The amendment added an informed consent claim as follows:

> The defendants failed or refused to disclose to plaintiff the dangers and/or risks associated with and involved in the course of treatment of Joe Green while he was a patient under the care of each defendant herein so that plaintiff was sufficiently informed to actually to [sic] consent to all such treatment of Joe Green while a patient under **their respective care.**

Amended Complaint, paragraph 14 at 6 (emphasis added). The plaintiff contends that, assuming arguendo that the amended complaint is vague in its references to Austin, the defendants had the option of filing a motion for more specific statement in state court.

█ In this circuit, a district court may 'pierce the pleadings'

> and review all evidence placed before it in determining whether fraudulent joinder has occurred. Therefore, a plaintiff is not

1. The amended complaint was filed on May 7, 1997 and the notice of removal was filed on May 29, 1997.

2. On June 18, 1997 the magistrate judge substituted Beverly Enterprises–Mississippi, Inc., d/b/a Cleveland Health Care Center for Beverly Health and Rehabilitation Services, Inc. and Cleveland Health Care Center, Inc.

3. The plaintiff does not dispute the existence of diversity of citizenship, with respect to the substituted defendant, Beverly Enterprises–Mississippi, Inc. d/b/a Cleveland Health Care Center. How-

ever, its citizenship is not clearly established by the pleadings. **See** Answer And Defenses On Behalf of Beverly Enterprises–Mississippi, Inc. D/B/A Cleveland Health Care Center, To The Amended Complaint, paragraph 2 at 2. The defendant denies that it was incorporated under the laws of Mississippi but no reference is made to its principal place of business.

4. **See** footnote 2, *supra.*

5. The decedent was admitted to Cleveland Health Care Center. **See** footnote 2, *supra.*

restricted to the facts in the state court pleadings, but may establish the facts of his claim against the in-state defendant by other evidence, including affidavits and deposition.

*Ironworks Unlimited,* 798 F.Supp. at 1263 (citing *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990) (other citations omitted)). The court in *Ironworks Unlimited* further stated:

> While *Carriere* evidence may be used to substantiate the facts underlying a claim that has been pleaded in the Complaint, it may not be used to assert a new claim that was not pleaded, and the Court must resolve removal and remand issues by resort only to the claims that existed in the Complaint at the time that the action was removed from state court.

798 F.Supp. at 1266. The court held that no valid claim against the defendant insurance adjuster had been pled. *Id.* at 1265, 1266 (the complaint alleged that "Defendants have refused to honor the [insurance] claims of the Plaintiff without any justifiable or arguable reason" and makes no reference to the adjustment of the claim).[6]

*Ironworks Unlimited* is distinguishable from the instant cause. The instant complaint may be inartfully drafted but, when construed in the light most favorable to the plaintiff, states a claim of negligence on the part of Austin. Accordingly, the court has considered the exhibits and assertions made in the instant motion to remand in order to determine whether there is any factual basis for the asserted claim. Beverly Enterprises submitted Austin's affidavit stating that he was neither the medical director nor the supervisor and had no supervision or control over employees at the Cleveland Health Care Center prior to, during and following the decedent's residency therein.[7] Austin's affidavit further states:

5. I never rendered any care and treatment to the decedent, Joe Green, while he was **physically located** at the Cleveland Health Care Center in Cleveland, Mississippi.

6. The only **times** that I provided medical care to Joe Green, the decedent, was while he was a patient at Bolivar County Hospital.

(Emphasis added). The plaintiff submitted a copy of the admission form identifying Austin as the decedent's attending physician on September 27, 1994 when the decedent was admitted to Cleveland Health Care Center. Austin signed a "Physician's Certification For Nursing Facility Care" dated September 27, 1994, certifying that the decedent needed nursing facility care. The admission form designates "On call physician for Cleveland Clinic" under "Alternate Physicians" and Bolivar County Hospital under "Hospital Preference." The instant motion asserts that Austin was not only the decedent's admitting physician for admission to the Cleveland Health Care Center but also the decedent's treating physician at all relevant times.

■ The plaintiff's assertions are not specifically controverted; Austin's affidavit does not specify the dates of his treatment of the decedent at Bolivar County Hospital. In particular, Austin's affidavit does not deny that he was the treating physician during the decedent's hospitalization at Bolivar County Hospital from December 16, 1994 through December 21, 1994. In addition, the court finds that, based on the record at this time, there is a possibility that the decedent was admitted to Bolivar County Hospital during his residency at Cleveland Health Care Center on occasions other than the December, 1994 hospitalization.[8] Independent of Austin's role at the Bolivar County Hospital, the fact that the Cleveland Health Care Center admission form designates Austin as the decedent's attending

---

6. The court in *Ironworks Unlimited* found that "neither the Complaint nor the evidence placed before the Court pursuant to *Carriere* ... even remotely suggests that Defendant Purvis had any role in the decision to deny Plaintiff's claim." 798 F.Supp. at 1265. The evidence raised a new claim of grossly negligent adjustment on the part of Purvis which was not alleged in the complaint.

7. The affidavit of Jeanette McKinion corroborates these assertions.

8. Austin's affidavit refers to "times" that he provided medical care to the decedent at Bolivar County Hospital.

physician and the on-call physician as the decedent's alternate physician places in issue Austin's role and responsibility during the decedent's entire residency at the nursing home.[9] Unlike the evidence in *Ironworks Unlimited,* the matters outside the instant amended complaint suggest Austin's involvement in the alleged treatment of the decedent.[10] Therefore, the court finds that Beverly Enterprises has failed to establish by clear and convincing evidence that Austin was fraudulently joined.

■■■■■ The plaintiff seeks an award of costs and expenses, including attorney's fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). The decision whether to award costs and expenses is discretionary. *Teer v. Upjohn Co.,* 741 F.Supp. 1242, 1244 (M.D.La.1990) ("when removal was obviously legally defective, an award of costs is within the court's discretion"). The court is not required to find that the removing party acted in bad faith or in a "vexatious, wanton, or oppressive" manner. *Penrod Drilling Corp. v. Granite State Ins. Co.,* 764 F.Supp. 1146, 1147 (S.D.Tex.1990). In its discretion, the court declines to award costs and expenses to the plaintiff, in light of the lack of specificity in the amended complaint. *See* C. Wright, A. Miller, & E. Cooper, 14A *Federal Practice and Procedure* § 3739 (2d ed.1985) (courts "will be [more] inclined to [award costs and expenses] when the nonremovability of the action is obvious").

For the foregoing reasons, the court lacks diversity jurisdiction and this cause should be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

---

**9.** All disputed questions of fact are to be resolved in favor of the non-removing party for purposes of the instant motion. *Dodson,* 951 F.2d at 42; *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 551 (5th Cir.1981).

