Aundra WILLIAMS, Plaintiff,

v.

Paul HENSON and Scottsdale Insurance Co., Defendants.

No. 2:98CV110–B–B.

United States District Court, N.D. Mississippi, Delta Division.

Jan. 11, 1999.

Ellis Turnage, Ellis Turnage, Attorney, Cleveland, MS, William C. Walker, Jr., William C. Walker, Jr., Attorney, Oxford, MS, for Aundra Williams, plaintiff.

Sam N. Fonda, Lott, Franklin, Fonda & Flanagan, Greenwood, MS, for Scottsdale Insurance Company, defendant.

Kenneth G. Perry, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, MS, for Paul (NMI) Henson, defendant.

*Memorandum Opinion*

BIGGERS, Chief Judge.

This cause comes before the court on the plaintiff's motions to remand.[1] The court has duly considered the parties'. memoranda and exhibits and is ready to rule.

 Defendant Scottsdale Insurance Company removed this action from state court on the ground of diversity jurisdiction. The notices of removal[2] allege that

---

1. After defendant Scottsdale Insurance Company filed an amended notice of removal, the plaintiff filed a second motion to remand incorporating the allegations in the first motion.

2. The amended notice of removal specifically alleges Scottsdale Insurance Company's dual citizenship.

**630**

Henson, a nondiverse defendant, was fraudulently joined. If fraudulently joined, Henson's citizenship is not considered in determining whether diversity of citizenship exists. *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). The removing party carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence. *Jernigan,* 989 F.2d at 815; *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). Fraudulent joinder may be established by showing outright fraud in the plaintiff's pleading of jurisdictional facts. *Jernigan,* 989 F.2d at 815; *B., Inc.,* 663 F.2d at 549. In addition, "a joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Bolivar v. R & H Oil & Gas Co.,* 789 F.Supp. 1374, 1376–77 (S.D.Miss.1991). Fraudulent joinder may also be established as follows:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [the plaintiff] would be able to establish a cause of action against [the nondiverse defendants] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), *cited in Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995). *See Laughlin v. The Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989) ("the court may find fraudulent joinder only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant").

■ The Mississippi Supreme Court has adopted a standard of gross negligence or intentional tortious conduct to impose tort liability on "insurance company employees and/or agents **that are sued for their involvement in the denial of a claim for benefits.**" *Ironworks Unlimited v. Purvis,* 798 F.Supp. 1261, 1265 (S.D.Miss.1992) (emphasis added) (analyzing *Bass v. California Life Ins. Co.,* 581 So.2d 1087 (Miss. 1991)). It is now settled under Mississippi law that

> insurance agents and adjusters, while not liable for ordinary negligence **in performing their duties on behalf of the insurers,** can "incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured."

*Alliston v. Omega Ins. Co.,* 983 F.Supp. 675, 677 (S.D.Miss.1997) (emphasis added) (citations omitted). The *Bass* standard applies to the tort-contract hybrid cause of action for bad faith handling/denial of insurance claims and is applicable in this cause.

The plaintiff was allegedly injured when he stepped into an uncovered water meter owned and maintained by the City of Cleveland, Mississippi [the city]. It is undisputed that the city's liability insurer, Scottsdale Insurance Company [Scottsdale] assigned the plaintiff's insurance claim to Henson, an insurance adjuster. The claim against Scottsdale is based on its alleged "refusal to promptly and unconditionally" pay the insurance proceeds. Scottsdale's answer to the complaint asserts, *inter alia,* that "it never denied or refused to pay the plaintiff the benefits in question, and, in fact, tendered the benefits to the plaintiff." Prior to the filing of this cause, Scottsdale tendered a $5,000

check[3] to the plaintiff, conditioned on indemnification as to any assignments to health insurance carriers and/or providers, and the plaintiff refused the check.[4]

■ The complaint alleges that Henson "breached his warranty of authority proximately resulting in Scottsdale [sic] refusal to promptly issue the [proceeds]" and negligently or intentionally misrepresented "that med-pay coverage would be provided and/or failed to inform Plaintiff that Defendant Scottsdale would not honor the coverage in question." Since Scottsdale has offered the plaintiff the maximum coverage available under the subject policy, the court finds that the plaintiff has no possible factual basis for recovery on the misrepresentation claim against Henson, as alleged. See Alliston, 983 F.Supp. at 676, 677 n. 1 (insurer's admission that coverage existed precluded claim against insurance agent for fraudulent misrepresentation of coverage of loss; the plaintiffs alleged that the insurer denied coverage, issued a cancellation notice and subsequently acknowledged coverage but "refused to property compensate them for their losses"). The complaint alleges that, without authority from Scottsdale, Henson, "agreed that the $5,000.00 med-pay was due and owing" and "promise[d] to make the med-pay payment." The complaint does not specifically allege that Henson represented that the payment would be unconditional. However, the plaintiff's reply memorandum asserts that Henson "advised Plaintiff's attorney that the $5,000.00 med-pay would be paid without condition" and is "liable for breach of warranty of authority for payment of the med-pay without condition."[5]

■ In any event, the court finds that there is no possibility of recovery against Henson for payment of the proceeds in the absence of a causal connection between Henson's misrepresentation and Scottsdale's refusal to promptly and unconditionally pay the claim. The alleged facts are not analogous to detrimental reliance on a soliciting agent in the procurement or renewal of a policy. See, e.g., Security Ins. Agency, Inc. v. Cox, 299 So.2d 192 (Miss.1974) (agent's negligent failure to notify insureds that their policy would not be renewed); Simpson v. M–P Enterprises, Inc., 252 So.2d 202 (Miss. 1971) (agent's negligent failure to procure insurance as of the date and in the amount reflected in invalid endorsements).[6] A recovery against Henson would require a showing that his representation was the reason Scottsdale refused to promptly and unconditionally pay the claim. The plaintiff submits copies of Scottsdale's in-house records[7] stating in part that Henson promised payment without authority. Scottsdale's acknowledgment that Henson's representation was unauthorized

3. The subject policy provided medical payments coverage in the amount of $5,000.

4. The plaintiff previously filed a state court action against Scottsdale Insurance Company [Scottsdale] and its insured, the city of Cleveland, Mississippi. The claim against Scottsdale was dismissed without prejudice and the plaintiff settled with the city. Scottsdale tendered the conditional payment of proceeds prior to dismissal of the claim against it.

5. "While Carriere evidence may be used to substantiate the facts underlying a claim that has been pleaded in the Complaint, it may not be used to assert a new claim that was not pleaded, and the Court must resolve removal and remand issues by resort only to the claims that existed in the Complaint at the

time that the action was removed from state court." Ironworks Unlimited v. Purvis, 798 F.Supp. 1261, 1266 (S.D.Miss.1992). See infra note 6.

6. "[T]he measure of damages [recoverable against an agent] has been held to be the amount for which the insurer would have been liable had proper insurance been effected." Simpson v. M–P Enterprises, Inc., 252 So.2d 202, 207 (Miss.1971) (citation omitted).

7. The court may pierce the pleadings and consider summary judgment evidence in determining whether the removing defendants have demonstrated fraudulent joinder. Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

precludes any inference that Scottsdale would have promptly and unconditionally paid the proceeds but for Henson's representation. Only one reasonable inference can be drawn from the fact that Henson's statement was unauthorized, i.e., his statement was contrary to Scottsdale's position. The evidence presented to the court does not suggest any causal connection between Henson's representation and Scottsdale's withholding of proceeds. Since there is no factual basis for possible liability on the part of Henson, the court finds that his nondiverse citizenship should be disregarded for purposes of jurisdiction.

■ For the foregoing reasons, the plaintiff's motions to remand should be denied.[8]

An order will issue accordingly.

### Order

In accordance with the memorandum opinion issued this day, it is **ORDERED:**

That the plaintiff's motions to remand are **DENIED.**

---

8. The fraudulent joinder of Henson renders moot the plaintiff's argument that this cause should be remanded on the ground that Henson did not join in the notice of removal. A fraudulently joined defendant need not join in or consent to the removal since only "defendants who are **properly joined** and served must join in the removal [notice]." *Getty Oil Corp. v. Ins. Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988) (emphasis added). Accordingly, the court need not determine when Henson first received notice of this cause for purposes of the receipt rule.