**Booker T. SMITH and Maggie Smith Plaintiffs**

v.

**UNION NATIONAL LIFE INSURANCE COMPANY, Francis Bailey, and Unknown Defendants "A", "B", and "C" Defendants**

No. CIV.A. 4:03CV42BN.

United States District Court,
S.D. Mississippi,
Eastern Division.

Oct. 2, 2003.

Precious Tyrone Martin, Ramel L. Cotton, Byrd & Associates, Jackson, MS, for Booker T. Smith, Maggie Smith, plaintiffs.

Charles E. Griffin, Griffin & Associates, Jackson, MS, Arthur F. Jernigan, Jr., Watson & Jernigan, P.A., Jackson, MS, William C. Brabec, James F. Ahrend, Donna Marie Meehan, Adams and Reese, Jackson, MS, Jane "Jenny" Horne Myers Virden, Chapman, Lewis & Swan, Madison, MS, for Union National Life Insurance Company, Francis Bailey, John Does, A B C whether singular or plural whose other persons corporations, firms, or other entities whose wrongful conduct caused the injuries and damages to the plaintiffs, all of whose true and correct names are unknown to plaintiffs at this time, but will be substituted by amendment when ascertained, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiffs to Remand. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Maggie Smith purchased life insurance and accidental death policies for herself and her husband, Plaintiff Booker T. Smith, from Defendant Union National Life Insurance Company (hereinafter Union National). Maggie Smith purchased her policies on November 18, 1986, from Defendant Francis Bailey, an agent of Defendant Union National. She purchased the policy for her husband on June 24, 1993. Plaintiffs allege that Union National

designed and marketed a series of insurance policies and products to persons who were unsophisticated in insurance contracts, the poor, and the elderly. In addition, Plaintiffs allege that Union National, through its agents, engaged in a practice of making misrepresentations and suppressing information about the benefits of the various insurance products. Plaintiff Maggie Smith claims that she was told at the time she purchased the policies that she and her husband would receive retirement benefits at age 65. Plaintiffs have not received any benefits and have continued to pay the premiums on the policies. In their Complaint, Plaintiffs make claims based on fraud, conspiracy, negligence, breach of contract, and breach of the covenant of fair dealing and good faith.[1]

Plaintiffs originally filed this lawsuit in the Circuit Court of Noxubee County, Mississippi on December 30, 2002. Defendants timely filed a Notice of Removal on or about January 24, 2003, alleging, *inter alia*, that the individual agents were fraudulently joined, and that diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiffs are citizens of Mississippi. Defendant Union National is a citizen of Louisiana, and Defendant Francis Bailey is a citizen of Mississippi. Plaintiffs filed a Motion to Remand on February 5, 2003, which is now ripe for consideration.

## II. FRAUDULENT JOINDER STANDARD

■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. Mar.28, 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See e.g. Cavallini*, 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment. ... A court is to pierce the pleadings to determine whether, under control-

---

**1.** The Court notes that Plaintiffs have included irrelevant information in their Complaint and pleadings. Plaintiffs are advised to refrain from including irrelevant information as it is a waste of the Court's time.

ling state law, the non-removing party has a valid claim against the non-diverse parties"). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir.2000).

■ In *Travis,* the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Travis,* 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss.2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability

on that claim against the in-state defendant." *Id.*

■ When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but *"only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

In *Smallwood v. Illinois Cent. R.R. Co.,* 342 F.3d 400 (5th Cir.2003), the United States Court of Appeals for the Fifth Circuit addressed the "common defense" theory in the context of cases removed from state court on fraudulent joinder grounds. The *Smallwood* court intimated that if a defense is common to both the non-diverse defendant(s) and the diverse defendant(s), then removal is improper and the case must be remanded. *Id.* at 405–08. That is, where the only basis for a fraudulent joinder claim is a defense equally applicable to all defendants, then removal is improper. *Id.*

However, in *Ross v. Citifinancial, Inc.,* 344 F.3d 458 (5th Cir.2003), a case decided by the Fifth Circuit *after* the *Smallwood*

decision was rendered, the court did not address the "common defense" theory. In *Ross,* the court analyzed the following four issues relating to fraudulent joinder:

> (1) whether the district court applied the correct standard in holding non-diverse defendants were fraudulently joined; (2) whether, under Mississippi law, an affirmative act is required to toll the statute of limitations for the claims at issue; (3) whether a party may justifiably rely on an oral representation contrary to the terms of a written contract; and (4) whether a fiduciary relationship arises in first party insurance contracts such as those at issue.

*Id.* at 461. Although all of these issues apply equally to the diverse and non-diverse defendants, the Fifth Circuit affirmed this Court's finding of fraudulent joinder. *Id.* at 466. Nowhere in the *Ross* opinion does the Fifth Circuit address the "common defense" theory analyzed in *Smallwood.* This Court therefore finds that the scope of the *Smallwood* decision is limited to common defenses falling under the purview of "federal defenses." *See, Smallwood,* 342 F.3d at 408 (finding that "state courts are equally competent to decide *federal defenses.*" (emphasis added)). Accordingly, unless the only grounds for fraudulent joinder is a "federal defense" that is common to all defendants, then the "common defense" theory will not be applied by this Court in the fraudulent joinder analysis.

On August 21, 2003, Illinois Central petitioned the Fifth Circuit for a rehearing *en banc* of the *Smallwood* decision. Pursuant to Rule 41(d)(1), "[t]he timely petition for panel rehearing...stays the mandate until disposition of the petition...." This provides an alternative reason for this Court to refrain from applying the "common de-

fense" theory to the fraudulent joinder analysis.

## III. ANALYSIS

Plaintiffs' claims against Defendant Bailey arise from the purchase of insurance policies on two separate occasions. Plaintiff Maggie Smith purchased policies for herself on November 18, 1986, and she purchased a policy for her husband, Plaintiff Booker T. Smith, on June 24, 1993. However, the Court finds that the whole life insurance policy purchased by Maggie Smith for her husband, Booker T. Smith, was sold by agent Juanita Watson and not by Defendant Francis Bailey. *See* Union National Life Insurance Company's Response to Motion to Remand, Exhibit "3," Insurance Policy, to Exhibit "4," Maggie Smith's Depo. Plaintiffs clearly have no cause of action against Defendant Bailey for the policy purchased on June 24, 1993. Therefore, the Court will only consider the policies purchased for Plaintiff Maggie Smith on November 18, 1986. Plaintiffs' claims against Defendant Bailey relating to these policies include conspiracy, breach of contract, breach of the covenant of fair dealing and good faith, and fraud.[2]

### 1. Conspiracy

▪ In their Complaint, Plaintiffs claim that Defendants conspired to defraud and damage the Plaintiffs. However, this Court has stated that "unless individual defendants are ... shown to have acted outside of their employment capacities, they are incapable of conspiring with their corporate employer." *Ross v. Citifinancial, Inc.,* 2002 WL 461567 *11 (S.D.Miss. March 18, 2002) aff'd 344 F.3d 458 (5th Cir.2003) (citing *Cooper v. Drexel Chemical Co.,* 949 F.Supp. 1275, 1285 (N.D.Miss.

---

**2.** In their Complaint, Plaintiffs also make claims for negligence and negligent suppression. However, these claims are only direct-ed at Defendant Union National. *See* Complaint ¶¶ 33, 36.

1996)). In this case, Defendant Bailey is an agent of Defendant Union National. Under Mississippi law, Defendant Bailey cannot conspire with his employer, Defendant Union National. In addition, Plaintiffs have not alleged that Defendant Bailey acted outside of his employment. Therefore, Plaintiffs have no claim for conspiracy against Defendant Bailey.

## 2. Breach of Contract/Breach of the Covenant of Fair Dealing and Good Faith

■ Plaintiffs also make claims against Defendant Bailey for breach of contract and breach of the covenant of fair dealing and good faith. However, for the reasons stated in *Ross*, the Court finds that since Defendant Bailey is not a party to the contract, he cannot be held liable for any alleged breach of the insurance contract. *Ross v. Citifinancial, Inc.,* 2002 WL 461567 *9 (S.D.Miss.2002) aff'd 344 F.3d 458 (5th Cir.2003). For this same reason, Defendant Bailey cannot be liable for any breach of the covenant of good faith and fair dealing. *Id.* Therefore, Plaintiffs have no claim against Defendant Bailey for breach of contract or breach of good faith and fair dealing.

The Court also notes that "where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal." *McFarland v. Utica Fire Ins. Co. of Oneida County, New York,* 814 F.Supp. 518, 521 (S.D.Miss. 1992). "[I]ndividual liability may not be predicated merely on [the agent's] connection to the corporation but must have as its foundation 'individual wrongdoing.'" *Hart v. Bayer Corp.,* 199 F.3d 239, 246–47 (5th Cir.2000) (citing *Turner v. Wilson,* 620 So.2d 545, 548 (Miss.1993)). In this case, when he sold the policies, Defendant Bailey was acting as an agent for a disclosed principal, Union National. In their Complaint, Plaintiffs acknowledge that Defendant Bailey was "an agent or employee of Union National...." *See* Complaint ¶ 4. Plaintiffs allege no individual wrongdoing on the part of agent Bailey. Therefore, Defendant Bailey cannot be liable for any breach of duty or breach of contract on the part of Defendant Union National.

## 3. Fraud

■ In their Complaint, Plaintiffs claim that Defendant Bailey failed to disclose certain material facts regarding the costs and benefits of the policies in order for Plaintiffs to make an informed decision on whether or not to purchase the policies. *See* Complaint ¶¶ 26–31. However, a concealment, omission, or suppression is actionable only if Defendant had a duty to disclose. *Mitchell Energy Corp. v. Samson Resources Co.,* 80 F.3d 976, 985 (5th Cir.1996). Such a duty does not exist absent a special relationship. This Court has stated that "[i]n Mississippi, the purchase of insurance is deemed to be an arms' length transaction. Thus, under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Booker v. American General Life and Accident Insurance Co.,* 2003 WL 1905672 *4 (S.D.Miss. April 15, 2003). The Court held that no fiduciary duty existed where the Plaintiffs relied upon the insurance agents only as salesmen. *Id.* There is no fiduciary relationship between Plaintiffs and Defendant Bailey in this case. Defendant Bailey was simply the Plaintiffs' insurance agent for the sale on November 18, 1986. Therefore, there can be no recovery by Plaintiffs for failure to disclose.

■ According to Plaintiffs, Defendant Bailey also "made numerous fraudulent misrepresentations in connection with the sale of sickness and hospitalization insurance policies sold to the Plaintiff." *See*

Memorandum of Authorities in Support of Plaintiff's Motion to Remand ¶ 8. The Court finds that even if Plaintiffs could establish a claim against Defendant Bailey for fraudulent misrepresentation, their claims are barred by the statute of limitations. Plaintiffs' claims for fraudulent misrepresentation are governed by a three-year statute of limitations. *See* Miss.Code Ann. § 15–1–49. Plaintiffs' cause of action accrued on the date that Plaintiff Maggie Smith purchased her policies. *See Stephens v. Equitable Life Assurance Society of the United States,* 850 So.2d 78, 82–83 (Miss.2003). Plaintiff Maggie Smith purchased her policies on November 18, 1986. *See* Union National Life Insurance Company's Response to Motion to Remand, Exhibit "1," Insurance Policy, to Exhibit "4," Maggie Smith's Depo. Accordingly, the statute of limitations for any fraudulent misrepresentation or omission expired on November 18, 1992.[3] Plaintiffs filed this lawsuit on December 30, 2002. Therefore, Plaintiffs' claims are barred by the statute of limitations unless the statute is tolled by the discovery rule or by fraudulent concealment.

■ Under Mississippi law, "the statute of limitations commences to run in any event at the time the fraud is discovered, or at such time as the fraudulent concealment 'with reasonable diligence might have been first known or discovered.'" *Rainwater v. Lamar Life Ins. Co.,* 207 F.Supp.2d 561, 568 (S.D.Miss.2002) (quoting Miss.Code Ann. § 15–1–67). The burden of proof is on Plaintiffs to prove that the statute of limitations was tolled. *Id.*

■ It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it. *See Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,* 584 So.2d 1254, 1257. *See also Koenig v. Calcote,* 199 Miss. 435, 25 So.2d 763 (1946); *McCubbins v. Morgan,* 199 Miss. 153, 23 So.2d 926 (1945). Moreover, knowledge of the contents of a contract will be imputed to a contracting party even though she did not read the contract before signing it. *See Cherry v. Anthony, Gibbs, Sage,* 501 So.2d 416, 419 (Miss.1987). A person who cannot read "has a duty to find someone to read the contract to him." *Howard v. CitiFinancial, Inc.,* 195 F.Supp.2d 811, 822 (S.D.Miss.2002). Therefore, Plaintiffs' assertions that they cannot read are immaterial.

Here, the terms of all contracts were made available to Plaintiffs. In their Depositions, Plaintiffs admit that they received copies of the insurance agreements. *See* Maggie Smith's Depo. at 45, Union National Life Insurance Company's Response to Motion to Remand, Exhibit "4". If Maggie Smith had read the policies, she would have known that the agents were not authorized to change the terms of the contract. *See* Union National Life Insurance Company's Response to Motion to Remand, Exhibit "1," Insurance Policy, to Exhibit "4," Maggie Smith's Depo. She also would have seen that the policies state nothing about receiving retirement benefits at age 65. *Id.* By reading the policies, she would have realized that the policies only involve life insurance and death benefits. *Id.* Thus, any reliance on alleged misrepresentations of the terms was, as a matter of law, unreasonable. *See Carter v. Union Security Life Ins. Co.,* 148 F.Supp.2d 734 (S.D.Miss.2001) (Lee, J.).

Plaintiffs cite two cases, *Johnson v. Brewer,* 427 So.2d 118 (Miss.1983) and *Turner v. Terry,* 799 So.2d 25 (Miss.2001),

---

**3.** In 1986, when Maggie Smith purchased her policies, Mississippi Code Ann. § 15–1–49 provided for a six year statute of limitations, rather than the current three year statute of limitations.

for the proposition that there is a fraudulent inducement exception to the duty to read a contract. The Court recognizes that the Mississippi Supreme Court applied this exception in the two cases cited by Plaintiffs. However, the Court notes that in these two cases, the courts applied the fraudulent inducement exception in granting the equitable relief of rescission. In this case, Plaintiffs seek monetary damages. Therefore, the Court finds that the fraudulent inducement exception is inapplicable in this case.

In order for the Court to toll the statute of limitation under fraudulent concealment, Plaintiffs must show that Defendants took some "action, affirmative in nature which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the . . . claim[s]." *Davidson v. Rogers*, 431 So.2d 483, 485 (Miss.1983). Plaintiffs presented no evidence of any affirmative acts of concealment by Defendant Bailey. At no time do Plaintiffs claim that Defendant Bailey took affirmative steps subsequent to the agreement to prevent their reading of the insurance agreement. In fact, the only conversation that Plaintiff Maggie Smith had with Defendant Bailey occurred on November 18, 1986. *See* Maggie Smith's Depo. at 45, Union National Life Insurance Company's Response to Motion to Remand, Exhibit "4". Consequently, the statute was not tolled by fraudulent concealment. The statutory period began at the time that Plaintiff Maggie Smith purchased her policies. Therefore, Plaintiffs' claims for fraudulent misrepresentation are barred by the statute of limitations.

### 4. Attempted Dismissal

In the Alternative, the Court notes that Plaintiffs sought to dismiss Defendant Bailey in Plaintiffs' Motion for Leave to Amend Complaint. *See* Plaintiffs' Motion for Leave to Amend Complaint ¶ 3, Defendants' Response to Motion to Remand, Exhibit "1".[4] The Court finds that such an action is a tacit admission that Plaintiffs do not have a valid claim against Defendant Bailey.

### IV. CONCLUSION

 Based on the holdings presented above, the Court finds that Plaintiffs have failed to assert a claim against Defendant Bailey for which relief may be granted in state court.[5] Therefore, Defendant Bailey should be dismissed from this case, and Plaintiffs' Motion to Remand should be denied.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [5–1] is hereby denied.

IT IS FURTHER ORDERED that Defendant Francis Bailey is hereby dismissed from this case with prejudice.

---

4. This Motion was denied by Judge Alfred G. Nichols, Jr. *See* Judge Nichols' Order dated June 26, 2003, Defendants' Response to Motion to Remand, Exhibit "2".

5. Since the Court finds that Defendant Bailey has been fraudulently joined, Plaintiffs' argument that the notice of removal was defective because Defendant Bailey has not joined in the removal is without merit. A fraudulently joined defendant is not required to join in the notice of removal. *See Williams v. Henson*, 42 F.Supp.2d 628, 632 (N.D.Miss.1999).